[Civ. No. 4862.   Third Appellate District.—April 13, 1933.]

JACK McNARY, Respondent, v. HENRY HANLEY, Appellant.

Charles L. Gilmore for Appellant.

A. B. Reynolds for Respondent.

PULLEN, P. J.—This is an appeal from a judgment in the sum of $3,000 awarded plaintiff by a jury, for personal injuries sustained by him.

The injuries to plaintiff were sustained when defendant, losing control of his automobile, crashed into a building in which plaintiff was employed, causing the timbers thereof to fall, which struck plaintiff, inflicting the injuries complained of. ■■ Defendant admits liability by reason of his negligence, but claims there is no evidence to support a verdict in the sum of $3,000, and that the same is excessive.

The record discloses that plaintiff is fifty-six years of age, married and living with his wife and minor daughter, and prior to the accident was in good health. The plaintiff established that by reason of the accident he suffered the loss of four teeth, a crushed knee-cap which will cause a permanent limitation of motion, injury to the nose, which interferes with his breathing, causes headaches and impairment of hearing, as well as temporary pain and suffering; he also lost nine weeks' wages, which to the date of trial amounted to $315.

■■ Appellant points out that plaintiff sought no medical aid other than a treatment of his mouth where his teeth were knocked out, and an X-ray to ascertain the injury to his

knee-cap, and contends plaintiff did nothing to prevent or minimize the damage sustained. It is true that plaintiff is in duty bound to minimize his damage in any way that he reasonably can and if he negligently refuses to do so he cannot recover for that which he might have prevented. It is for appellant to establish that the steps taken by plaintiff to so minimize his loss or damage fall short of the obligation so fixed. In other words, the burden is on defendant to establish matters asserted by him in mitigation or reduction of the amount of plaintiff's damage, and defendant here has not met that burden.

The amount awarded plaintiff was set by a jury of appellant's selection, who heard all of the testimony and had an opportunity to observe the witnesses upon the stand. The trial judge also had the same opportunity, and on the motion for a new trial on the ground of the excessive amount of the verdict he held against defendant, and by his refusal to grant a new trial, placed his stamp of approval upon the amount so set. The verdict is not so grossly disproportionate as to shock the sense of justice or raise the presumption that it was based upon prejudice or passion.

Appellant also urges a new trial upon the ground of accident and surprise which ordinary prudence could not have guarded against. He has by affidavit shown that certain witnesses testified at the trial contrary to their written statements made prior thereto. They, while on the witness-stand, were confronted with these statements, which the jury received and considered in weighing the worth of their testimony; also there is no showing that their testimony would be any different on a new trial from that already given on the stand. Appellant must show facts which he can produce on a retrial that would establish a different result from the present judgment. That he has not done.

The judgment appealed from is therefore affirmed.

Plummer, J., and Thompson, J., concurred.