[Civ. No. 34407. Second Dist., Div. Three. Feb. 27, 1970.]

THOMAS ALLAN WADE et al., Plaintiffs and Respondents, v. DIANE LEA DE BERNARDI et al., Defendants and Appellants.

## Counsel

Archbald, Zelezny & Spray and Kenneth L. Moes for Defendants and Appellants.

Siemon & Patterson, R. D. Patterson, Jr., Muller, Brazil, Woolpert, Mc-Whinney & Duenow and E. Jeffrey Burke for Plaintiffs and Respondents.

## Opinion

**ALLPORT, J.—**

### Statement of the Case

Defendants (De Bernardi) appeal from an order granting plaintiffs (Wade) a new trial. The order granting a new trial is appealable. (Code Civ. Proc., § 904.1, subd. (d) (formerly § 963, subd. 2).) All other appeals and cross-appeals have been dismissed or abandoned.

This action for the wrongful death of Melvin Wade and personal injuries

to Jerry Wade arose from an accident occurring on September 13, 1966, at the modified "Y" intersection of Clark Avenue and Dominion Road in Santa Barbara County. The Wade vehicle, traveling in a generally northwest direction on Dominion, was owned and occupied by the deceased and operated by his son, plaintiff Jerry Wade. The adverse vehicle, traveling east on Clark, was owned by defendants Guido and Isabell De Bernardi and operated by their daughter, defendant Diane Lea De Bernardi. Defendants filed a cross-complaint. The pleadings raised the issues of negligence and contributory negligence common to actions of this nature.

Following entry of judgment upon a verdict of the jury in favor of all three defendants on the complaint and in favor of plaintiffs on the cross-complaint, plaintiffs filed timely notice of intention to move for a new trial. The grounds for the motion were as follows: "1. Irregularity in the proceedings of the court. 2. Irregularity in the proceedings of the jury. 3. Accident which ordinary prudence could not have guarded against. 4. Surprise which ordinary prudence could not have guarded against. 5. Newly discovered evidence material for these moving parties which they could not with ordinary diligence have discovered and produced at the trial. 6. Insufficiency of the evidence to justify the verdict. 7. The verdict is against the law. 8. Errors in law occurring at the trial and excepted to by these moving parties." The order granting the new trial provided as follows: "It is ordered that said Motions for New Trial are granted on the grounds of surprise, which ordinary prudence could not have guarded against." The "specifications of reasons on order granting new trial" prepared and filed by the court stated in part as follows: "(a) Derwyn Severy indicated to R. D. Patterson, Jr., counsel for plaintiffs herein, only moments prior to the time he testified, that his testimony would be that defendant DIANE LEA DE BERNARDI was traveling considerably faster than 40 miles per hour as she approached the intersection where the fatal accident occurred, but he completely reversed his opinion after being sworn as a witness by testifying unexpectedly that said defendant was traveling only 34-38 miles per hour but plaintiff JERRY LEE WADE was traveling 55-60 miles per hour prior to the application of his brakes. That said testimony is the only believable testimony upon which the implied finding by the jury of contributory negligence of JERRY LEE WADE could have been based and, therefore, was determinative of the outcome of this cause; and, (b) Said Derwyn Severy was called as the last witness on the last day of this jury trial; that because of calendar problems the Court and counsel were pressing to conclude the case; that it was not possible for counsel to overcome the effect of this testimony at this stage of the trial, or at all, and he had no opportunity to make a considered decision on the proper course to follow; that since the testimony of this witness as to speed was based solely upon his observation of damage to the respec-

tive vehicles and other physical facts, rather than upon personal observation, his opinion should be subject to review by other experts upon a new trial."

## Discussion

"Surprise" as a ground for a new trial denotes some condition or a situation in which a party to an action is unexpectedly placed to his detriment. The condition or situation must have been such that ordinary prudence on the part of the person claiming surprise could not have guarded against and prevented it. Such party must not have been negligent in the circumstances. (Code Civ. Proc., § 657, subd. 3; *South Santa Clara etc. Dist.* v. *Johnson,* 231 Cal.App.2d 388, 406 [41 Cal.Rptr. 846].)

It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial court that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. All presumptions are in favor of the order, and it will be affirmed if it is sustainable on any grounds even though the reviewing court might have ruled differently in the first instance. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 733-734 [306 P.2d 432]; *Martinez* v. *Harris,* 273 Cal.App.2d 385, 397 [78 Cal.Rptr. 325].)

It is claimed by plaintiffs in the case at bar that the in-court testimony of an expert witness, Derwyn Severy, to the effect that the De Bernardi vehicle was traveling 34-38 miles per hour at the time of impact and that the Wade car was traveling 47-53 miles per hour at the same moment and 55-60 miles per hour when the brakes were applied was contrary to expectation and as such amounted to surprise justifying a new trial. It is urged that a previous interview with the witness indicated that he would testify that De Bernardi's speed was considerably in excess of 40 miles per hour. There was no effort made to predetermine the witness' estimate of the speed of the Wade vehicle. The record discloses that this interview was conducted and the testimony was given late in the final day of the trial under circumstances which may have justified the trial court's implied determination that the failure to move for a mistrial or continuance or to take other remedial action did not amount to a waiver of a claim of surprise by plaintiffs.

While we agree that the effect of Mr. Severy's testimony may have both surprised and disappointed plaintiffs, we do not agree that such amounted to, or qualified as, "surprise" within the meaning of the term as contemplated by Code of Civil Procedure section 657 subdivision 3.

With respect to the speed of the Wade vehicle, we find that plaintiffs failed to exercise due diligence to protect themselves against potentially

adverse testimony from Mr. Severy. ██ The declarations in support of and in opposition to the granting of a new trial show that the witness Severy was employed by plaintiffs on May 14, 1968, to give expert testimony on the subject of highway design. His testimony was to be required in court July 31, 1968. No reports were rendered by the witness, nor was contact made with him, until the afternoon of the last day of trial, at which time the brief oral interview referred to above was accomplished. No estimate of the speed of the Wade vehicle was ever solicited prior to trial. There is no evidence in the record that plaintiffs sought a pretrial interview with their other expert, Officer Henry J. Stanczak of the California Highway Patrol, who they now declare has evidence favorable to them on this issue. It is apparent from a reading of all the affidavits used by the trial court that plaintiffs had no justification whatsoever for expecting favorable testimony from Mr. Severy as to the speed of the Wade vehicle. Since no pretrial estimate was either volunteered or solicited, the in-court testimony could be no more than a disappointment against which plaintiffs had failed to take reasonable measures to protect themselves.

██ With respect to the testimony on the speed of the De Bernardi vehicle, the surprise, even if in no way attributable to plaintiffs' lack of diligence in investigation, affords no grounds for the granting of a new trial because there is no showing that plaintiffs will have other evidence which could produce a different result upon retrial. (See *McGuire* v. *Drew*, 83 Cal. 225, 230 [23 P. 312]; *Brooks* v. *Douglass*, 32 Cal. 208, 211-212; *McNary* v. *Hanley*, 131 Cal.App. 188, 190 [20 P.2d 966].) Although they indicate that they plan to introduce the testimony of Officer Stanczak as to the speed of the Wade car, they make no effort to demonstrate that they will have other evidence on the speed of the De Bernardi car or that Mr. Severy will change his testimony. Even assuming that plaintiffs will merely delete Mr. Severy's testimony on this point at the new trial, we still do not believe it to be reasonably possible that a different result will be forthcoming. In the first place, plaintiffs have not shown that this testimony was or will be a material influence upon the jury. At trial the difference between the prior unexplored estimate of "faster than 40" miles per hour and the subsequent estimate at trial of 34 to 38 miles per hour seems to have been of little moment to either counsel, for the witness was not subjected to detailed direct or cross-examination on the matter. Plaintiffs have made no effort to show—e.g., through affidavits of jurors—that Mr. Severy's testimony substantially affected the jurors and therefore that a different verdict could reasonably be expected if this testimony were omitted. In the second place, if such testimony *were* material, then there is every reason to expect that defendants will call Mr. Severy as their witness. Since, as we have pointed out, plaintiffs have shown no new evidence on the subject

which they could introduce, it would be purely speculative to conclude that the retrial would be anything more than a mere repetition of the original trial. Under these circumstances, the surprise as to the testimony in question is not a sufficient basis for granting a new trial.

Plaintiffs place unjustifiable reliance upon *Whitfield* v. *Debrincat,* 18 Cal.App.2d 730 [64 P.2d 960], in support of the order granting them a new trial on the ground of surprise. In. *Whitfield* an issue was presented involving the age of a mark upon the highway in the vicinity of the accident. The defendant contended that the mark was an "old" mark made at the time of the accident and called a witness so to testify. Contrary to expectation the witness stated it was a "fresh" mark, made near the time of trial. In support of a motion for new trial on the ground of surprise, affidavits were filed in the trial court indicating that the witness had been interviewed prior to trial and that on the basis of such interview it could have been expected that his testimony would have been that the mark in question was "old." An affidavit of the witness filed in support of the motion for a new trial showed that he must have been confused in that he intended to testify in court that the mark was "old" not "fresh." Further, affidavits from six of the jurors indicated that the jury considered the testimony of the witness as very damaging to the defendant and influenced the jury to decide that the mark was caused by an accident other than the one involved in their deliberations.

While *Whitfield* is factually similar to the case at bar in some respects, it is nevertheless clearly distinguishable on several essential points from the case at bar. First, there was an affirmative showing in *Whitfield,* in the form of jurors' affidavits, that the surprising testimony was a material factor in the jury's decision; the court also found that there was a reasonable possibility that a different result would be reached upon retrial because the witness admitted that his original testimony had been inadvertent and thus the same evidence would not be introduced at the new proceeding. Here, in contrast, as we have held, no such showings have been made with respect to the testimony on the speed of the De Bernardi car.

Second, in *Whitfield* counsel for the moving party, prior to trial, had interviewed the witness and had determined the witness' opinion on the crucial issue; here, on the other hand, the witness had not been questioned before trial as to the speed of the Wade car. This factual distinction is pointed up in *Baker* v. *Berreman,* 61 Cal.App.2d 235 [142 P.2d 448], wherein it was said: "In *Whitfield* v. *Debrincat, supra,* the factual situation was essentially different from the one here involved. There the surprise occurred during the course of the trial as the result of a witness having

testified on a vital point exactly contrary to what he had told respondent was the fact prior to the trial. And in affirming the order granting the new trial the court held in effect that in those circumstances to have moved for a continuance or to attempt an impeachment might only have made matters worse, and that such testimony coming from one of the respondent's own witnesses under such circumstances could and probably would have undermined whatever reliance the jury may have had in his defense. No such situation existed here. . . ." (61 Cal.App.2d at p. 245.) The requirement of the use of ordinary diligence as a prerequisite to a claim of surprise was recognized in *Whitfield,* where the court stated: " 'Where a party has used reasonable diligence to ascertain what his witness will testify to, and has reasonable grounds to believe that the witness will testify to a certain state of facts, and relies upon his doing so, and he does not do so, and the case is lost in consequence, a new trial will be granted.' (Hayne on New Trial and Appeal, p. 382; *Delmas* v. *Margo,* 25 Tex. 1 [78 Am. Dec. 516].)" (18 Cal.App.2d at p. 736.) In considering the requirement of Code of Civil Procedure section 657 subdivision 3 that "accident or surprise" must be that which "ordinary prudence could not have guarded against," the court in *Whitfield* also said: "Appellant for his third point claims that respondent makes no attempt to account for the alleged inconsistency of his witness, nor to explain why he failed to exercise ordinary prudence in guarding against any surprise resulting therefrom. According to the affidavits upon which the lower court based its action, respondent had interviewed the witness . . . before he came into court. There was nothing from this interview or at any time until he had actually told on the witness stand a different story, which gave respondent any intimation that Stern would testify differently than as previously related. Neither ordinary nor extraordinary prudence could have guarded against this change of front of the witness without warning. The witness claims as his reason for his actions that he became confused, but whether this is so or not, the net result to respondent was testimony which he neither expected nor could have reasonably anticipated. Respondent need only show that the reason for the change in testimony is not chargeable to him, and having done that, he need go no farther in this regard. In this case respondent did show that he was in no way responsible or prepared for the actions of the witness and even went farther and showed that the witness' explanation therefor was that he was confused. The law does not require respondent to go further in this behalf." (18 Cal.App.2d at pp. 739-740.)

We fail to see wherein plaintiffs in the instant action, through no fault of their own, were suddenly and unexpectedly placed in a condition or situation resulting in detriment to them. There appears to be no reason why the witness Severy was even used on the subject of speed. Apparently

Officer Stanczak was available. A pretrial interview with this qualified officer would have enabled plaintiffs to produce testimony as to the speed of the vehicles without having to question Mr. Severy on the subject. We fail to find support in this record for the trial court's conclusion that "surprise" as defined in section 657 subdivision 3 resulted in a miscarriage of justice in this case. The rule that an order such as this will not be disturbed in the absence of a clear abuse of discretion has no application where the evidence upon which the order is made furnishes no reasonable basis for the exercise of such discretion. (*Baker* v. *Berreman, supra,* 61 Cal.App.2d 235, 246.) ■ "Although it is well settled that the granting or denial of a motion for a new trial is discretionary with the trial court and its determination will not be disturbed even though this court might be inclined to rule differently if passing on the motion de novo (*Mazzota* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165 [153 P.2d 338]; *Koyer* v. *McComber,* 12 Cal.2d 175 [82 P.2d 941]; *Fennessey* v. *Pacific Gas & Elec. Co.,* 10 Cal.2d 538 [76 P.2d 104]; *Whitfield* v. *Debrincat,* 18 Cal.App.2d 730 [64 P.2d 960]), the power is not absolute. As stated by Mr. Justice Carter in *Slemons* v. *Paterson,* 14 Cal.2d 612, 615 [96 P.2d 125]: 'This rule has no application where the affidavit or other evidence upon which the order is made furnishes no basis for the exercise of such discretion.' To the same effect are *Dewey* v. *Frank Bros. & Co.* [62 Cal. 343] *supra,* and *Baker* v. *Berreman, supra.*" (*Kauffman* v. *De Mutiis,* 31 Cal.2d 429, 433-434 [189 P.2d 271].)

■ We have considered and concluded that the order cannot be sustained on any of the other grounds specified in the notice of motion for a new trial. To do so would require this court to evaluate and determine the sufficiency of the evidence. Plaintiffs overlook the express mandate of section 657, wherein it provides that ". . . the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision . . . unless such ground is stated in the order granting the motion. . . ." The order in this case did not so specify. Absent a consideration of the sufficiency of the evidence, plaintiffs fail to point out wherein there was any irregularity in the proceedings of the court or jury, any accident, newly discovered evidence, or errors of law, or wherein the verdict was against the law so as to justify the granting of a new trial.

The order granting the motion for new trial is reversed.

Schweitzer, Acting P. J., and Cobey, J., concurred.