[No. B074307. Second Dist., Div. Three. Jan. 6, 1995.]

DARYL K. HATA, an Incompetent Person, etc., Plaintiff and Respondent,
v.
LOS ANGELES COUNTY HARBOR/UCLA MEDICAL CENTER et al.
Defendants and Appellants.

COUNSEL

Lewis, D'Amato, Brisbois & Bisgaard, Judith M. Tishkoff, Greines, Martin, Stein & Richland, Martin Stein, Timothy T. Coates and Carolyn Oill for Defendants and Appellants.

Miriam J. Lebenthal and Charles J. Fleishman for Plaintiff and Respondent.

OPINION

**KITCHING, J.**—Defendant and appellant County of Los Angeles (County) appeals from the order of the trial court granting plaintiff and respondent Daryl K. Hata's (Hata) motion for a new trial on his claim for damages based on the negligent conduct of Los Angeles County Harbor/UCLA Medical Center and its medical personnel. Hata was nonsuited on his case-in-chief based on immunity conferred on County pursuant to Government Code section 854.8.[1] The trial court subsequently reversed its position and granted Hata's new trial motion on the ground County waived its right to rely on this particular immunity defense by failing to properly plead the specific code section as an affirmative defense and raise the issue before trial.

We find the decision in *Buford* v. *State of California* (1980) 104 Cal.App.3d 811 [164 Cal.Rptr. 264] determinative of the issue and find the trial court abused its discretion in granting Hata's motion because governmental tort immunity pursuant to section 854.8 is a jurisdictional issue that may be raised at any time, even for the first time on appeal. Furthermore,

---

[1]Unless otherwise indicated, all references are to the Government Code.

County properly pleaded such immunity as an affirmative defense in its answer. Assuming arguendo the trial court properly granted Hata's motion, in a subsequent retrial Hata would be limited to the theory of liability and the facts alleged in his written claim against County. Therefore, even if the grant of a new trial was proper, Hata would not be able to argue his new theory on appeal that section 855 applies to this case.

Accordingly, the order granting a new trial is reversed and the original judgment for County is reinstated.

### FACTUAL AND PROCEDURAL BACKGROUND

We address a pleading question regarding County's statutory immunity for an injury to an inpatient of a mental institution. (§ 854.8, subd. (a)(2).) This appeal concerns how and when such immunity should be raised, not its applicability to the facts in the case.[2]

At approximately 5:30 p.m. on March 21, 1990, Hata, who had a 10-year history of mental illness, was admitted on a 72-hour hold to Harbor/UCLA Medical Center (hospital) for assaulting his mother. He was put in hard restraints and placed in a seclusion room. The restraints were removed at approximately 7 p.m.; he was given medication, and placed under continuous observation. Every 15 minutes Nurse Sally Imura (Imura) checked on Hata by entering his room or observing him through the window in his door. At approximately 11 p.m. Imura heard a "bump" from Hata's room and found him sitting on the floor. Hata had climbed onto a three-foot high counter and then dove head first onto the floor. He cracked several cervical vertebrae which required surgery.

On January 15, 1991, after first filing a claim with County, which was rejected, Hata filed a complaint for damages.[3] The complaint alleged the hospital and its attending medical personnel were negligent because they failed to restrain Hata and place him in a padded and protected area where he would be unable to injure himself.[4] The gravamen of the complaint was that defendants failed to properly observe, medicate and treat Hata so that he

---

[2]See *Guzman* v. *County of Los Angeles* (1991) 234 Cal.App.3d 1343 [286 Cal.Rptr. 317].

[3]The claim and subsequent complaint were filed by Hata, by and through his conservator, Jack Hata.

[4]The complaint was initially filed only against the hospital (County), but subsequent amendments added Drs. Michael Willet (Willet) and Julie Thomas (Thomas), and Imura as defendants. Willet was the designated resident on call on March 21, 1990, who signed the restraint order and ordered the administration of an antipsychotic medication and a relaxant. Thomas was the psychiatrist who evaluated Hata upon his admission to the emergency room. Thomas was never served with the complaint, and was dismissed by the trial court from the action. Imura was a registered psychiatric nurse at the hospital and one of the nurses responsible for Hata's care.

would be unable to harm himself. On April 10, 1991, County answered, raising a number of affirmative defenses and asserting it was immune from liability. Affirmative defense No. 10 stated: "That plaintiff's Complaint on file herein, and the whole thereof, including each and every purported cause of action contained therein, and the damages claimed, are limited and/or barred by the terms of California Government Code §§ 854-856.6."[5]

On September 10, 1991, defendants County, Willet and Imura moved for summary judgment on the grounds they were immune from liability pursuant to sections 820.2, 815.2, and 855.8, which the trial court denied.[6]

On November 10, 1992, defendants County, Willet and Imura moved for judgment on the pleadings (concurrently with a similarly argued motion *in limine*) contending Hata failed to state a cause of action for negligence because of lack of compliance with the claims presentation requirement under section 945.4.[7] Defendants argued Hata's pleadings and the proffered evidence went beyond what was stated in his claim, to wit, claims of negligence that allegedly occurred after Hata's fall. The trial court granted

---

[5]Willet and Imura asserted similar affirmative defenses in their answers. All defendants further asserted in affirmative defense No. 11: "That plaintiff's Complaint on file herein, and the whole thereof, including each and every purported cause of action contained therein, and the damages claimed, are limited and/or barred by the terms of California Government Code §§ 815, 815.2, 818, 820, 820.2 and 844.6."

[6]Section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Section 815.2 provides: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. [¶] (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Section 855.8 provides: "(a) Neither a public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental illness or addiction or from failing to prescribe for mental illness or addiction. [¶] (b) A public employee acting within the scope of his employment is not liable for administering with due care the treatment prescribed for mental illness or addiction. [¶] (c) Nothing in this section exonerates a public employee who has undertaken to prescribe for mental illness or addiction from liability for injury proximately caused by his negligence or by his wrongful act in so prescribing. [¶] (d) Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in administering any treatment prescribed for mental illness or addiction."

[7]Section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ."

defendants' motion, in part, stating: "Well, I think negligence, . . . subsequent to his fall or supervision of the nurses would be beyond. . . . I would grant it as to those two issues, that they weren't fairly reflected in the claim. [¶] But as far as negligence after injury or negligent supervision of the nurses, those are not fairly reflected in the claim, so as to that portion, I would grant it."

At trial, Hata presented evidence in the form of testimony by Hata, Jack Hata, hospital medical personnel and expert witnesses to support his negligence theory that the overall care and treatment provided by the defendants was below the standard of care.

At the close of Hata's case-in-chief, the trial court dismissed the action as to Willet because of lack of any evidence. County then made an oral motion for nonsuit based on governmental immunity pursuant to section 854.8. The court reviewed the code section and portions of a government tort liability treatise by Arvo Van Alstyne and stated, "It appears that 854.8 does exclude liability in respect to a public entity. . . . [¶] It does appear that it applies." After inquiry by plaintiff's counsel, the court ruled that Hata was an inpatient and the hospital was considered a mental institution as defined by code. Counsel looked at the code provision and stated, "I don't have much to say. I haven't researched the area and I think the code is pretty clear, without looking at the cases that follow it." The trial court granted County's motion, which left Imura as the sole defendant. Additionally, the court observed the case against Imura was weak due to insufficient evidence relating to the standard of care. The trial proceeded with the defense presenting expert witness testimony regarding Imura's treatment of Hata.

After the close of testimony and argument, the jury was instructed and returned with a finding, pursuant to a special verdict, that Imura's care and treatment of Hata was not negligent. On November 19, 1992, judgment was entered as to both County and Imura.

On December 3, 1992, Hata filed a notice of intention to move for a new trial and/or judgment notwithstanding the verdict, only as to County, on grounds of surprise and error of law. (Code Civ. Proc., § 657, subds. (3), (7).)

In the motion filed December 14, 1992, Hata contended the trial court erred in granting nonsuit for County because statutory immunity was an affirmative defense that had to be pleaded and proved, and that County's failure to specifically separate the immunity code sections in affirmative defense No. 10 amounted to a waiver of the defense. Additionally, County failed to reveal section 854.8 immunity in response to a discovery request or

provide the requisite immunity jury instructions. Hata further contended County's actions amounted to unfair "surprise," affecting his right to a fair trial, and requiring a new trial.

In opposition, County argued the immunity provided by section 854.8 was jurisdictional and could be asserted for the first time on appeal, and, therefore, was not waived. County further argued the provision was specifically pleaded in defendant's answer, and the facts supporting the defense were asserted in response to interrogatories served by Hata. Additionally, Hata showed no prejudice by the alleged "surprise."

On January 7, 1993, the trial court granted Hata's motion for a new trial on the theory that section 854.8 immunity was an affirmative defense that County was required to specifically plead and prove, and failure to raise such a defense prior to trial amounted to unfair surprise. The order was entered February 23, 1993.[8]

On March 5, 1993, County filed a notice of appeal.

CONTENTIONS

County contends the trial court abused its discretion by granting Hata's motion because: (1) the trial court properly granted its motion for nonsuit; (2) there was no surprise; (3) section 854.8 governmental immunity is jurisdictional; and (4) regardless of the jurisdictional issue, this specific immunity was properly pled as an affirmative defense in the answer.

DISCUSSION

1. *Standard of Review.*

Code of Civil Procedure section 657 authorizes a trial court to grant a new trial, in relevant part, "on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

---

[8]The court's order read, in pertinent part: "The defendants failed to plead with particularity Section 854.8 of the Government Code and thereby waived said defense. If the defendant did not plead section 854.8 with particularity it has then, in essence, pled nothing as to that section. [¶] The court finds that the defendants had ample time and opportunity prior to trial to raise the issues presented under Government Code Section 854.8 and that a summary judgment motion based on a different governmental immunity code was heard and denied just prior to trial in this case. By not raising Section 854.8 at the time when defendant filed its summary judgment motion was just like somebody trying to lie in wait for somebody else which amounted to unfair surprise at trial. [¶] Section 854.8 . . . is not entirely jurisdictional in respect to the fact that there is an exception to it, i.e. Government Code Section 855 and thus 854.8 should have been pled with particularity and defendant was required to plead the particular section and not just camouflage it among other sections. The specific subdivision for the section should have been pled and that wasn't done."

"
. . . . . . . . . . . . . . . . . . . . . . .

"3. Accident or surprise, which ordinary prudence could not have guarded against.

"
. . . . . . . . . . . . . . . . . . . . . . .

"7. Error in law, occurring at the trial and excepted to by the party making the application. . . ."

"In reviewing the order granting a new trial, we apply the following rule: 'The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. This is particularly true when the discretion is exercised in favor of awarding a new trial, for this action does not finally dispose of the matter. So long as a reasonable or even fairly debatable justification under the law is shown for the order granting the new trial, the order will not be set aside. [Citations.]' [Citation.]" (*Sandco American, Inc.* v. *Notrica* (1990) 216 Cal.App.3d 1495, 1506 [265 Cal.Rptr. 587].) However, "where 'a trial court in granting a new trial based its order exclusively upon an erroneous concept of legal principles applicable to the cause, its order will be reversed [citation].' [Citation.]" (*Neal* v. *Montgomery Elevator Co.* (1992) 7 Cal.App.4th 1194, 1199-1200 [9 Cal.Rptr.2d 497].)

2. *The Trial Court Abused Its Discretion in Granting Hata's Motion for a New Trial Based on Error of Law.*[9]

a. *Issue of Jurisdiction*

County contends the trial court erred in determining section 854.8 immunity was an affirmative defense to be specifically pleaded and proved.

---

[9]Prior to directly addressing the question of immunity, we acknowledge that "[i]n *Davidson* v. *Westminster* (1982) 32 C.3d 197 . . . , the Supreme Court made it clear that statutory immunity is not an issue until it is determined that the governmental entity owes a duty of care and would be liable in the absence of the immunity." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 134, p. 214; see also, *Williams* v. *State of California* (1983) 34 Cal.3d 18 [192 Cal.Rptr. 233, 664 P.2d 137].) A duty of care is based on the special relationship between the parties. (*Buford* v. *State of California, supra,* 104 Cal.App.3d 811, 819-825.) Neither Hata nor County argued either a lack of duty or special relationship. As a matter of law, we determine allegations in the pleadings established that the requisite relationship existed between Hata and County, to wit: "On or about March 31, 1990 [*sic*], plaintiff entered the hospital for the purpose of treatment and evaluation of his psychotic behavior. At that time, defendants, and each of them, undertook to provide plaintiff with such care and attendance as plaintiff might require while he was a patient in the hospital." (See *Buford, supra,* 104 Cal.App.3d at p. 822, fn. 4.) Accordingly, we go directly to the question of whether, for purposes of its nonsuit motion, County was entitled to section 854.8 immunity. (See *Knight* v. *City of Capitola* (1992) 4 Cal.App.4th 918, 926, fn. 4 [6 Cal.Rptr.2d 874].)

We agree, and find such governmental immunity a question of jurisdiction and properly raised during County's motion for a nonsuit. The affirmative defense pleading rules relied on by the trial court are inapplicable in a matter involving an immunity for the medical liability of a public entity to an inpatient of a mental institution.

In support of its determination section 854.8 immunity must be pleaded and proved as an affirmative defense, the trial court, without citing any authority in its order, seems to have relied on appellate court decisions, cited by Hata, involving immunity provided public entities for the dangerous condition of public property (§ 835) and for dangerous conditions of public firefighting property (§ 850.4).

In *De La Rosa* v. *City of San Bernardino* (1971) 16 Cal.App.3d 739 [94 Cal.Rptr. 175], a personal injury action, plaintiffs sued the City of San Bernardino for injuries sustained in a two-vehicle crash allegedly caused by a hazardous condition existing at an intersection, to wit, trees and shrubbery that impaired the visibility of a stop sign. (*Id.* at p. 742-744.) The issue involved a public entity's liability for a dangerous condition of public property under section 835.[10] Defendant city alleged, as a matter of law, "the nonexistence of a dangerous condition at the intersection," and asserted "design immunity" under section 830.6. (16 Cal.App.3d at pp. 745-747.)[11] "The design immunity, however, is limited to a 'design-caused accident' and 'does not immunize from liability caused by negligence independent of design, even though the independent negligence is only a concurring, proximate cause of the accident.' [Citations.]" (16 Cal.App.3d at p. 747.) The court determined "[t]he immunity provided by section 830.6 [was] an

---

[10]Section 835 provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

[11]Section 830.6 states, in pertinent part: "Neither a public entity nor a public employee is liable under this chapter for an injury caused by the plan or design of a construction of, or an improvement to, public property where such plan or design has been approved in advance of the construction or improvement by the legislative body of the public entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved, if the trial or appellate court determines that there is any substantial evidence upon the basis of which (a) a reasonable public employee could have adopted the plan or design or the standards therefor or (b) a reasonable legislative body or other body or employee could have approved the plan or design or the standards therefor. . . ."

affirmative defense which must be pleaded and proved by the public entity" and found that while defendant City properly pleaded the design immunity defense, it "failed to prove a fact crucial to that defense." (*Ibid.*)

Section 830.6 "design immunity" is an exception to the rule of liability for a dangerous condition of property where the injury was caused by the plan or design of a construction or an improvement on the property and the public entity is required to make an *affirmative showing* the plan or design was reasonably adopted or approved. While labeled an "immunity," section 830.6 is actually a "reasonableness" defense or an affirmative defense because of the statutory requirement the public entity produce evidence in an attempt to convince the court its acts or omissions were reasonable.

In *McMahan's of Santa Monica* v. *City of Santa Monica* (1983) 146 Cal.App.3d 683 [194 Cal.Rptr. 582], an inverse condemnation action, a city owned and maintained water main, that diverted water under plaintiff's building, ruptured and caused unintentional physical damage to the property. (*Id.* at p. 687.) The issue involved a public entity's liability for inverse condemnation. (*Id.* at 697.) Defendant city alleged it had absolute immunity under section 850.4 "in situations where private property is damaged by fire protection equipment or facilities and that the water pipe in question was such equipment[.]" (146 Cal.App.3d at p. 689.)[12] The court found that "[t]he City failed to plead and prove the immunity provided by Government Code section 850.4," and, relying on the dangerous condition of public property issues requiring an affirmative showing of reasonableness by the public entity in *De La Rosa* v. *City of San Bernardino*, *supra*, the court further ruled that "[s]uch an immunity is considered an affirmative defense and must be pled and proven or is deemed waived." (146 Cal.App.3d at p. 689.)

It was only in the context of dangerous condition of public property cases that the *De La Rosa* and *McMahan* courts determined fire protection equipment and design "immunities" were to be considered as affirmative defenses. However, that is not our case, and we find the trial court's authority inapplicable to the present factual situation. The trial court should have relied on existing case law regarding section 854.8 immunity on the medical liability of public entities.

---

[12]Section 850.4 provides: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, . . . for any injury caused in fighting fires."

County specifically relied on absolute immunity pursuant to section 854.8, subdivision (a)(2) which provides, in pertinent part, that "[n]otwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 855, and 855.2, a public entity is not liable for: [¶] . . . [¶] An injury to an inpatient of a mental institution."

"Section 854.8, subdivision (a) provides broad immunity for public entities from all direct and vicarious liability for injuries caused by patients of mental institutions, or injuries to inpatients of such institutions. [Citations.]" (*Baber* v. *Napa State Hospital* (1989) 209 Cal.App.3d 213, 217 [257 Cal.Rptr. 55].) The legislative committee comment on this section indicates the Legislature considered the differences in regard to immunity as to medical liability and dangerous condition of property: "The immunity provided to public entities by this section prevails over all other provisions of the statute. Thus, the public entity is immune from liability for injuries to persons committed or admitted to mental institutions [ ] [or] [ ] for injuries proximately caused by persons committed or admitted to mental institutions. [¶] The section will not prevent a person . . . from recovering for an injury caused by the dangerous condition of public property. . . ." (Legis. committee com., 32 West's Ann. Gov. Code (1980 ed.) foll. § 854.8, p. 432.)

In *Buford* v. *State of California, supra,* 104 Cal.App.3d 811, a plaintiff injured by a patient of a state hospital on an indefinite leave of absence from the facility, filed suit against, inter alia, the state and county, alleging negligent conduct. (*Id.* at p. 814-818.) Defendant state demurred contending it was immune under section 856, which states that " 'Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from determining in accordance with any applicable enactment: . . . Whether to parole, *grant a leave of absence to,* or release a person confined for mental illness or addiction . . . .' (§ 856, subd. (a)(3) . . . .)" (104 Cal.App.3d at p. 825.) The demurrer was sustained without leave to amend, but on appeal, the court determined state was immune from liability for plaintiff's injuries under section 854.8, a defense not raised by defendant in the trial court. (104 Cal.App.3d at p. 826.) The appellate court explained: "Although State did not specifically refer to section 854.8 in its demurrer papers, two defects of substance—lack of jurisdiction and failure to state a cause of action—are not waived by a failure to demur and may be raised for the first time on appeal. (See Code Civ. Proc., § 430.80; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 808, p. 2418.) Since governmental immunity is jurisdictional [citation] and can properly preclude a cause of action, we can appropriately address the applicability of section 854.8." (*Ibid.,* fn. omitted.)

Section 854.8, unlike the dangerous property condition code provisions, immunizes a public entity for "[a]n injury to an inpatient of a mental institution," and offers immunity from liability without the necessity of an affirmative showing by the public entity. There is no requirement the public entity make any type of affirmative showing. This immunity is jurisdictional and may be raised at any time. Accordingly, even if County had not raised the issue of this immunity in its answer (which will be discussed in the next section of this opinion), or in a summary judgment motion, it would not have been barred from seeking nonsuit based on section 854.8. Therefore, the trial court's initial order granting nonsuit was proper as a matter of law.

### b. *Pleading the Affirmative Defense*

In a related contention, County alleges the trial court erred in determining it had not adequately pleaded the section 854.8 immunity in its answer, and, therefore, waived this defense. We agree.

In its 10th affirmative defense, County stated that each of Hata's purported causes of action and damages claims were "limited and/or barred by the terms of California Government Code §§ 854-856.6." This separately stated affirmative defense refers specifically to the 13 liability and immunity code sections related to medical, hospital and public health activities under the California Tort Claims Act. (§§ 810-996.6.) In granting the order for a new trial, the court deemed this form of pleading insufficient because there was a failure "to plead with particularity Section 854.8 of the Government Code . . . ." At the hearing on the new trial motion, the court supported Hata's lack of specificity argument and clarified its concept of "particularity" by stating: "You go to the statute of limitations and it will tell you if you don't specifically plead it, that is, if you say it's barred by the statute of limitations, you're out. You must say what code section and what subdivision. I believe it even requires the subdivision . . . ."

First, the trial court erred by even considering Hata's argument that the section 854.8 immunity defense was inadequately pleaded because Hata had already waived that objection.

Hata failed to demur to County's answer (Code Civ. Proc., § 430.80, subd. (b)) on the ground of insufficient pleading or object to introduction of the section 854.8 immunity defense at the time of County's motion for nonsuit. Under these circumstances, it would have been unfair for the trial court to have determined the affirmative defenses were not pleaded with "sufficient particularity," if the pleadings, read in light of the facts of this government tort liability case, gave notice to Hata of a potentially meritorious defense.

(*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 384-385 [282 Cal.Rptr. 508].) "If [Hata] had openly challenged the adequacy of [County's] pleading in the trial court, and [County] tendered a potentially meritorious . . . defense, it is likely that [it] would have been allowed to amend [its] answer. (See 5 Witkin, Cal. Procedure, *supra*, Pleading, §§ 1121-1164, pp. 537-587.) For that reason we deem [Hata's] failure to challenge the sufficiency of the pleading of affirmative defenses as a partial waiver of the right to rely upon these defects on appeal." (231 Cal.App.3d at p. 385.)

Second, considering the lack of specificity argument, and aside from the lack of legal authority to support the finding that governmental immunities are to be pleaded with the specificity required of limitations defenses, County adequately and sufficiently pleaded the immunity affirmative defenses. In fact, in a supplemental declaration in support of the new trial motion, Hata's counsel states: "Defendant *did* mention Code Section 854.8 in their affirmative defenses, but as I noted in my memo of Points and Authorities in support of this instant motion, this code section, which should have been the heart of their defense, the main thrust of their summary judgment motion was hidden . . . ."

Code of Civil Procedure section 431.30, subdivision (g) provides that "[t]he defenses shall be separately stated, and the several defenses shall refer to the causes of action which they are intended to answer, in a manner by which they may be intelligibly distinguished." The 10th affirmative defense referred to the immunities directly related to medical activities under the Tort Claims Act and included the relevant code provision, section 854.8. The applicable provision was neither hidden nor omitted from the answer, and County provided Hata sufficient notice it was relying on a specific type of immunity defense. The immunity issue described in section 854.8 was implicit in the fact situation. (See *Knight* v. *City of Capitola*, *supra*, 4 Cal.App.4th at p. 926, fn. 3.)

This separately stated defense complied with the general pleading requirement of Code of Civil Procedure section 459, which stated, in relevant part: "In pleading the performance of conditions precedent under a statute or an ordinance . . . , or of a right derived therefrom, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part required thereby[.]" The application of Code of Civil Procedure section 459 in practice allows a party to generally plead compliance with a portion of a code. (See *Blumer* v. *Kirkman Corporation* (1952) 38 Cal.2d 480 [241 P.2d 17].) While Hata and

the trial court rely on a highly technical argument to support their position, the fact is Hata had notice of this particular immunity defense, had the opportunity to read the code section, and had knowledge of the applicability of the provision. That was sufficient.

There is a separate statute, Code of Civil Procedure section 458, which applies only to pleading statutes of limitation and requires that the statute, section, and subdivision relied upon, be specifically stated. However, nothing in the statute authorizes the extension of this rule to any other situation, including governmental tort immunities. A statute which expressly applies to one situation must be construed as "excluding from its effect all those things not expressly mentioned." (*Taylor* v. *Forte Hotels International* (1991) 235 Cal.App.3d 1119, 1126 [1 Cal.Rptr.2d 189].)

### 3. *The Trial Court Abused Its Discretion in Granting Hata's Motion for a New Trial Based on Surprise.*

 County contends Hata failed to demonstrate "surprise" within the meaning of Code of Civil Procedure section 657, such as would entitle him to a new trial. We agree.

 " 'Surprise' as a ground for a new trial denotes some condition or a situation in which a party to an action is unexpectedly placed to his detriment. The condition or situation must have been such that ordinary prudence on the part of the person claiming surprise could not have guarded against and prevented it. Such party must not have been negligent in the circumstances. [Citations.]" (*Wade* v. *De Bernardi* (1970) 4 Cal.App.3d 967, 971 [84 Cal.Rptr. 817].)

 In our case, the trial court ruled Hata was subject to unfair "surprise" when County relied on section 854.8 immunity, because defendant failed to properly plead this specific immunity or raise it prior to trial in a summary judgment motion. Since we have determined section 854.8 immunity is jurisdictional, and can be raised at any time, and, that it was properly pleaded as an affirmative defense, the basis of the trial court's ruling has been negated.

Hata, an inpatient at a county psychiatric emergency room facility, filed an action based on governmental tort liability. Implicit in this fact situation is the issue of immunity, specifically immunity pursuant to section 854.8. In its answer, County enumerated the immunities relating to a public entity's medical activities. Contrary to Hata's assertions, in response to a discovery request for the factual basis for the County's affirmative defenses, County

responded that it was a public entity providing health services, and that plaintiff was a patient at the time of the incident. These facts advised Hata section 854.8 immunity was applicable.

Considering the totality of Hata's knowledge and the information received, we fail to see how he, through no fault of his own, was suddenly and unexpectedly placed in a condition or situation resulting in detriment to him. (*Wade* v. *De Bernardi*, *supra*, 4 Cal.App.3d at p. 975.) A review of the listed immunities would have advised Hata of the availability and applicability of a section 854.8 defense. "We fail to find support in this record for the trial court's conclusion that 'surprise' as defined in section 657[,] subdivision 3 resulted in a miscarriage of justice in this case. The rule that an order such as this will not be disturbed in the absence of a clear abuse of discretion has no application where the evidence upon which the order is made furnishes no reasonable basis for the exercise of such discretion." (4 Cal.App.3d at p. 975.)

## CONCLUSION

We conclude the trial court's order granting Hata a new trial cannot be sustained on any of the grounds enumerated in the notice of motion for a new trial.

However, there are two additional matters on which we will briefly comment.

First, in the opening brief, County points out plaintiff asserted in his new trial motion that County waived its right to rely on the immunity statute because it failed to present written jury instructions on section 854.8 prior to the commencement of trial. This issue was not the basis of the trial court's ruling, and Hata failed to address the argument on appeal. Considering this court's ruling on the jurisdictional and pleading issues, we do not find it necessary to address this issue.

Second, at the hearing on the new trial motion, Hata argued that upon retrial, he would assert a new theory of liability against County, to wit, liability pursuant to section 855 for employing insufficient personnel in the hospital. Hata further argued he did not pursue this theory of liability against County in the first trial because he did not know County would be immune under section 854.8. Hata's position is unsupportable.

Hata's claim against County was only based on medical negligence. "[B]efore a complaint may be filed against a governmental entity such entity

must be presented with a claim in the form required by section 910. (§ 945.4.) . . . [¶] . . . It is therefore necessary for the claim served on the governmental entity to describe fairly what that entity is alleged to have done." (*Turner* v. *State of California* (1991) 232 Cal.App.3d 883, 888 [284 Cal.Rptr. 349].) The complaint reflected the allegations in the claim. The case was tried on the theory County employees negligently restrained, failed to restrain, or failed to observe Hata, which allegedly resulted in his attempting to injure himself. There was neither an allegation in the complaint nor any evidence introduced at trial to support Hata's insufficient personnel claim. " 'If a plaintiff relies on more than one theory of recovery against the State, each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint. . . . the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim.' [Citation.]" (*Ibid.*) It was Hata's responsibility to present a claim reflecting all possible theories of liability, taking into consideration the statutory immunities. Based on this record, Hata is not entitled to a second bite at the apple.

## DISPOSITION

The trial court's order granting Hata a new trial is reversed and the original judgment for County is to be reinstated. County is entitled to costs of appeal.

Klein, P. J., and Aldrich, J., concurred.