Filed 11/14/14  Kodama v. Vega CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANICIA P. KODAMA, | B247991 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC440126) |
| v. | |
| LIRIO A. VEGA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Lirio A. Vega, in pro. per., for Defendant and Appellant.

United Legal Team, Johnny S. Ascano; and Khinh V. Yam for Plaintiff and Respondent.

—————————————

## INTRODUCTION

Defendant Lirio A. Vega appeals from the judgment entered after trial to the court. She challenges the orders denying her motions to reopen evidence and for new trial. We conclude defendant has not demonstrated abuse of trial court discretion in denying either motion. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit stems from a series of financial and insurance transactions in which defendant served as financial advisor and insurance agent for plaintiff Anicia P. Kodama and her late husband, Henry T. Kodama. Plaintiff's complaint sought damages for breach of fiduciary duty, elder financial abuse (Welf. & Inst. Code, §§ 15610.30 & 15657.5), fraud, constructive fraud, negligent and intentional infliction of emotional distress, and violations of various provisions of the Insurance Code.

The case was tried to the bench over the course of two days but lasted fewer than eight hours. Plaintiff put on two witnesses and testified on her own behalf with the assistance of a certified court translator from Tagalog to English. After plaintiff rested, the court turned to defendant's attorney, Lloyd I. Silverberg, and stated: "Call your first witness, if you would, please, on the defendant's side." Silverberg called defendant, who testified in her defense.

After plaintiff's attorney concluded his cross-examination of defendant, the following discussion occurred: "The court: . . . *Redirect* based on cross-examination if you would please. [¶] *MR. SILVERBERG*: *Nothing further*. [¶] THE COURT: Thank you. [¶] May the witness step down and be excused? [¶] MR. SILVERBERG: Yes. [¶] MR. ASCANO [plaintiff's attorney]: Thank you. [¶] THE COURT: Thank you, Ma'am. You may step down. You are excused. [¶] *Do you have any further witnesses to offer on the defendant's side please*? [¶] *MR. SILVERBERG: No, your honor*. [¶] THE COURT: Thank you. [¶] *Defendant, with the exception of admission of exhibits, rests*? [¶] *MR. SILVERBERG: Yes*. [¶] . . . [¶] THE COURT: . . . *Both sides have rested with the exception of admission of exhibits*? [¶] MR. ASCANO: Yes, sir. [¶] *MR. SILVERBERG: Yes, your honor*." (Italics added.)

2

The trial court entered partial judgment in favor of plaintiff on all causes of action except intentional and negligent infliction of emotional distress, and it denied injunctive relief. The court awarded plaintiff $254,285.10 plus attorneys fees and costs and set a hearing on punitive damages.

Defendant moved to reopen testimony. She argued that trial was "very short" and, because of her attorney's confusion, she was unable to put on defense evidence to mitigate damages. The motion asked to reopen the case so defendant could put on a full defense and "present all of her cancelled checks and documents," to receive full credit for payments she made on plaintiff's behalf. Defendant also asked for "a brief opportunity to present testimony explaining the basis and suitability of selling the instruments at issue" to plaintiff, namely two life insurance policies and three annuities.

Defendant's attorney Silverberg filed a supporting declaration stating, "the abrupt conclusion of this case confused me and resulted in Defendant's *complete* inability (and failure) to testify in her own defense at trial as well as mitigation of claims made by Plaintiff . . . when the Court asked me *if I was done*, *I understood that to refer to Plaintiff's case-in-chief, not Defendant's defense*; and . . . said Defendant's defense was never presented to the Court." (Italics added; underlining in original.) Silverberg also stated there was material evidence relevant to defendant's defenses and the mitigation of damages that defendant "*was prevented from presenting* at trial because (1) of my own inadvertence, surprise and neglect [citation], (2) my own misunderstanding with respect to court procedure(s), (3) I did not appreciate and/or understand the substantial difficulties in communicating with my Client whose Native language is not English but rather Tagalog, (4) *newly discovered evidence* in the form [of] cancelled check(s) *paid by Defendant*, and found by Defendant, to Bank of America on behalf of Plaintiff which support a reduction in [damages]." Defendant declared under penalty of perjury that she is fluent in both English and Tagalog.

Plaintiff's attorney failed to appear at the punitive damages hearing and so the court vacated it and advanced hearing on defendant's motion to reopen testimony. The court denied the motion and entered full judgment.

3

Defendant timely moved for a new trial or for further trial raising numerous grounds under Code of Civil Procedure section 657.[1] Defendant cited irregularity and misconduct in the trial proceedings in that the court interpreter improperly interjected his own narrative during plaintiff's testimony and coached plaintiff. Defendant also asserted that, although she speaks both English and Tagalog fluently, she could not hear the "soft-spoken" plaintiff, or the interpreter's voice, and plaintiff's facial and body language were not visible to defendant because plaintiff was allowed to testify from her counsel's table rather than the witness stand. Defendant next cited attorney Silverberg's surprise or neglect in failing to present a defense at trial. Defendant explained, as she had in her motion to reopen testimony, that when plaintiff's attorney finished "cross examination of defendant," Silverberg misunderstood the court's inquiry: "Redirect based on cross-examination if you would please." Silverberg believed he still had an opportunity to conduct direct-examination of defendant. Silverberg was surprised that the court ended trial abruptly without allowing defendant to call a single witness for her case in chief. Third, defendant claimed insufficiency of the evidence because she failed to testify in her own defense and because she did not present the newly discovered cancelled checks. Fourth, defendant claimed the damages were excessive because plaintiff did not disclose information concerning settlements in other cases.

The trial court denied defendant's new trial motion. Defendant's timely appeal followed.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

DISCUSSION[2]

1. *The trial court did not abuse its discretion in denying defendant's motion to re-open testimony*.

After a cause is submitted, a party may move to reopen the case for further evidence. (7 Witkin, Cal. Procedure (5th ed. 2008) Trial, § 166, p. 202.) The motion to reopen evidence must be supported by a showing of good cause and due diligence. (*Ibid*.) Trial courts have broad discretion when deciding whether to reopen the evidence. (*Horning v. Shilberg* (2005) 130 Cal.App.4th 197, 208.) On appeal, we review the denial of such a motion for abuse of discretion. That is, we determine whether the trial court's decision exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, we have no authority to substitute our decision for that of the trial court. (*Id*. at pp. 208-209.)

Here, the grounds defendant cited for reopening the evidence were: (1) Silverberg could not communicate with his own client because of a language barrier; (2) defendant's failure to put on more defense evidence because of Silverberg's confusion and misunderstanding of trial court procedure and of the court's questions; and (3) newly discovered evidence in mitigation of damages. Defendant has made no showing of good cause.

Defendant's claim of a language problem between her and her attorney is contradicted by defendant's own declaration, under penalty of perjury, that she is fluent in both English and Tagalog. Turning to the claim of failure to present defense evidence, the record shows that defendant did present a defense: Silverberg called defendant, who testified at length. After plaintiff's counsel finished cross-examining defendant, the trial court asked *twice* whether counsel had anything *more* by way of direct examination and defense and *twice* asked whether the defense rested. *All four times*, Silverberg responded that he was finished. On this record, the trial court could reasonably conclude that

---

[2]    Defendant's opening brief raises numerous arguments based on references to the proceedings in the trial court without record citations. We deem these arguments as forfeited. (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003-1004, fn. 2.)

defendant's attorney was not unable to communicate with his client and was not otherwise confused. The so-called "newly discovered" evidence consisted of defendant's own testimony about the suitability of insurance policies, annuities, and real property she sold to plaintiff, canceled checks that *defendant* wrote, and unidentified "documents." Yet, defendant did testify about some of the real property. Defendant never identified the newly discovered "documents" and failed to demonstrate why she could not have discovered them or her own cancelled checks prior to trial.

In short, defendant has not demonstrated good cause as none of her grounds for reopening testimony has merit. Now that she has lost, defendant would like to develop a new trial strategy and retry the case. The trial court did not abuse its discretion in denying plaintiff's motion to reopen evidence.

2. *The trial court did not abuse its discretion in denying defendant's motion for new trial.*

" '[A] trial judge is accorded a wide discretion in ruling on a motion for new trial and . . . the exercise of this discretion is given great deference on appeal. [Citations.] However, we are also mindful of the rule that on an appeal from the judgment it is our duty to review all rulings and proceedings involving the merits or affecting the judgment as substantially affecting the rights of a party [citation], including an order denying a new trial. In our review of such order *denying* a new trial, as distinguished from an order *granting* a new trial, we must fulfill our obligation of reviewing the entire record, including the evidence, so as to make an independent determination as to whether the error was prejudicial.' " (*Sherman v. Kinetic Concepts, Inc*. (1998) 67 Cal.App.4th 1152, 1160-1161.)

Viewing the entire record here, we conclude the trial court did not abuse its discretion. As irregularity and misconduct in the trial proceedings (§ 657, subd. (1)), defendant insists that the court interpreter improperly interjected his own narrative and coached plaintiff. We disagree. The following occurred during plaintiff's testimony. "Mr. Silverberg: Mrs. Kodama, at the bottom of page 17-3 there is handwritten reference to a partner – a remaining partner and a deceased partner. Do you – do you see that? [¶]

6

A.  Where is it?  [¶]  Q.  It's at the bottom of that page.  The bottom of page 17-3.  It's section 11, 'Remarks and Special Requests.'  [¶]  The court:  Why don't you ask her [plaintiff] if she knows what 'remarks and special requests' are there first.  [¶]  She can't get there because the interpreter is doing all the work for her.  [¶]  The interpreter:  I'm trying to locate it for her, your honor.  [¶]  The court:  No, no, Mr. interpreter.  You are participating in the case.  [¶]  You are only to sit in the chair and interpret.  *You're showing her where to look for the section.  You can't do that*.  You're not for one side or the other.  [¶]  The interpreter:  I'm sorry, your honor.  I do not know what he's [defense counsel] talking about.  How can I interpret -- [¶]  The court:  You tell him you don't know what he's talking about.  [¶]  The interpreter:  Will do, your honor.  [¶]  I don't know where that is.  [¶]  Q.  By Mr. Silverberg:  Let me try to be more clear – [¶]  The court:  That's his [defense counsel's] job to make it clear.  [¶]  The interpreter:  I apologize, your honor.  [¶]  The court:  You're working too hard.  [¶]  The interpreter: I'm just trying to be fair.  [¶]  The court:  Well, just be fair to both sides . . .  [¶]  So keep those lips moving.  You're doing great.  [¶] . . . [¶] . . . No. No.  [¶]  There you go reaching for the page again, Mr. Interpreter.  [¶]  Sit back, relax, translate.  Just interpret. If he can't find it, if she can't find it, I won't find it."  (Italics added.)

Viewing this exchange most liberally in favor of defendant, it shows the only possible coaching was the interpreter's attempt to indicate where on the page Silverberg wanted plaintiff to look so Silverberg could ask plaintiff a question.  Otherwise, this exchange does not show that the interpreter was interjecting his own narrative.  In the final analysis, this exchange actually shows that the trial court was diligent to assure that the interpreter translated fairly.

Defendant next claims as irregularity and misconduct (§ 657, subd. (1)) that she was prevented from hearing plaintiff's testimony or seeing plaintiff's facial expressions and body language because the trial court allowed plaintiff to testify from the counsel's table rather than the witness stand.  Defendant also argues she was unable to hear the translator.  However, at no time during trial did defendant or Silverberg notify the court

7

of these problems and so defendant has forfeited this issue on appeal. (*Duran v. U.S. Bank National Assn.* (2014) 59 Cal.4th 1, 48.)

Turning to defendant's next ground for a new trial, " ' "[s]urprise . . . denotes some condition or a situation in which a party to an action is *unexpectedly* placed to his detriment. The condition or situation must have been such that ordinary prudence on the part of the person claiming surprise could not have guarded against and prevented it. Such party must not have been negligent in the circumstances. [Citations.]' [Citation.]" (*Hata v. Los Angeles County Harbor/UCLA Medical Center* (1995) 31 Cal.App.4th 1791, 1806, italics added, citing § 657, subd. (3).)

We are unable to comprehend how Silverberg, through no fault of his own, could have failed to appreciate that his questions of defendant were part of his own direct-examination, and that this surprise caused him to omit available mitigating evidence. The trial court specifically asked Silverberg to call his first witness for the defense. Nor can we appreciate how defense counsel was taken by surprise at the close of plaintiff's cross-examination of defendant, when the court stated to defense counsel: "*Redirect* based on cross-examination if you would please," and then pointedly asked whether defendant had "any further witnesses to offer *on the defendant's side* please?" (Italics added.)

The next ground for new trial raised by defendant is the same newly discovered evidence cited in her motion to reopen testimony. To obtain a new trial on the basis of newly discovered evidence, the moving party must show that the evidence was newly discovered, material, and that the moving party was reasonably diligent in discovering and producing the evidence at trial. (§ 657, subd. (4); *Sherman v. Kinetic Concepts, Inc.*, *supra*, 67 Cal.App.4th at p. 1161.) Defendant made no showing of diligence. Nor is the evidence newly discovered. Defendant was necessarily aware of her own cancelled checks long before trial. (Cf. *Hall v. Goodwill Industries of Southern California* (2011) 193 Cal.App.4th 718, 731 ["This evidence was not newly discovered. Both Hall and Boyce were necessarily aware of this evidence as of December 2005"].)

Finally, defendant argues that the damages were excessive (§ 657, subd. (5)) because plaintiff failed to disclose settlements she entered into that would have reduced

defendant's obligation. Yet, defendant failed to indicate why she could not elicit this testimony during cross-examination of plaintiff.

In short, defendant has failed to demonstrate that the trial court abused its discretion in denying her motion for new trial.

DISPOSITION

The judgment is affirmed. Each party to bear its own costs of appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.