Filed 9/29/23  Planz Pinder Enterprises v. Wright CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PLANZ PINDER ENTERPRISES, INC., | |
| Plaintiff and Appellant, | F084404 |
| v. | (Super. Ct. No. BCV-19-100492) |
| JACK E. WRIGHT et al., | **OPINION** |
| Defendants and Respondents. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Ralph W. Wyatt, Judge.

Law Office of Reshma Kamath and Reshma Kamath for Plaintiff and Appellant.

Chuck & Tsoong, Victoria J. Tsoong and Carley Mak Lee for Defendants and Respondents.

-ooOoo-

## INTRODUCTION

Plaintiff Planz Pinder Enterprises, Inc. appeals from a judgment of nonsuit under Code of Civil Procedure section 581c.[1]  Plaintiff's principal, Pinder Singh, contended he became ill the week before trial, and the trial court denied plaintiff's motion to continue the trial on the morning trial was set to begin.  During a break in the proceedings, when plaintiff's counsel informed his client that the continuance had not been granted, plaintiff reportedly discharged its counsel, and a signed substitution of counsel form was filed.  Without counsel, plaintiff—a corporate entity—could not proceed with trial; defendants Jack and Andrea Wright moved for nonsuit, which the trial court granted.  Plaintiff subsequently filed a motion for a new trial, which was denied.  Plaintiff appeals the judgment of nonsuit and the trial court's rulings on the continuance motion and on the motion for a new trial.  We affirm.

## FACTUAL BACKGROUND

The underlying dispute relates to a piece of agricultural land that was purchased by Randeep Dhillon and Kamalpreet Sidhu in January 2006 from Ramiro and Emerita Minero and encumbered by a deed of trust.  In June 2014, Dhillon, Sidhu and Waterland Bti LLC leased the property to plaintiff.  Then, in 2016, the Mineros foreclosed on the deed of trust and sold the land to defendants in 2017.  Based on the lease, plaintiff filed this suit against defendants in February 2019, alleging trespass to chattel, conversion, trespass to land, and intentional interference with economic relations, and the case was assigned to Judge Thomas Clark.

Plaintiff was originally represented by Michael Peterson.  Peterson filed a motion to withdraw as counsel in the fall of 2019, which was granted at the same time

---

[1]    All further statutory references are to the Code of Civil Procedure unless indicated otherwise.

defendants' demurrer to the first amended complaint was sustained. Plaintiff was given 60 days to file an amended complaint to allow time for plaintiff to find new counsel.

On October 21, 2019, defendants filed motions to compel discovery from plaintiff, and on December 4, 2019, defendants filed a supplemental brief complaining that plaintiff had not yet retained new counsel and requested the trial court issue an order compelling plaintiff to respond to the outstanding discovery requests and for sanctions.

A hearing on defendants' pending discovery motions was held on December 10, 2019, where plaintiff's principal, Pinder Singh, appeared with a Punjabi interpreter, but without counsel. The court observed Singh had submitted a note requesting a 30-day continuance and indicating he had retained an attorney to represent plaintiff. The trial court refused to consider Singh's letter, but continued defendants' discovery motions to February 2020.

On January 27, 2020, defendants sought dismissal for plaintiff's failure to file an amended complaint. On February 4, 2020, a hearing on the pending motions was held, and attorney William Edwards made an appearance on behalf of plaintiff. The court continued the hearing on all pending motions to March 5, 2020, and informed Edwards that if plaintiff failed to file an amended complaint and serve discovery responses by the next hearing date, the court would consider granting defendants' motion to dismiss.

At a hearing on March 5, 2020, Edwards informed the trial court the amended complaint had been filed that morning and plaintiff had complied with all outstanding discovery requests. The trial court found defendants' pending discovery motions to be moot, ordered plaintiff to produce all documents by March 23, 2020, and set another case management conference for June 3, 2020.

In April 2020, defendants filed a demurrer to plaintiff's second amended complaint. At a June 2020 hearing on the demurrer, the court noted no opposition had been filed by plaintiff, sustained the demurrer, and ordered plaintiff to file a third

amended complaint by June 19, 2020. When the third amended complaint was filed, defendants demurred again, but the demurrer was overruled.

At a case management conference in November 2020, the parties waived a jury trial, and a bench trial was set for September 7, 2021, before Judge Clark.

Plaintiff subsequently filed motions to compel further discovery, one of which was denied and the other was deemed moot at hearings held on August 3 and 4, 2021.

On August 17, 2021, plaintiff filed a motion to continue the September 7, 2021, trial and to extend the discovery deadlines; the motion did not relate to Singh's health. Although declining to extend the discovery deadlines, the trial court continued the trial approximately six months to March 21, 2022, over defendants' objections.

On October 6, 2021, plaintiff filed a motion to compel further discovery, which was granted, and the trial court ordered defendants to provide further responses. Plaintiff filed another motion to compel discovery in January 2022 to which defendants indicated supplemental discovery responses were served and the motion was moot. At a hearing on February 10, 2022, the court noted the discovery motion had been dropped and was moot.

On February 17, 2022, a minute order indicates plaintiff had again filed a motion to continue the trial and reopen discovery, which the trial court denied without prejudice. This motion was not related to Singh's health. On March 4, 2022, the parties began filing trial documents, including motions in limine, opposition briefs thereto, and witness and exhibit lists. On March 10, 2022, plaintiff's witness list was filed, but it did not identify Singh as a witness.

On Thursday, March 17, 2022, Judge Clark issued a ruling resetting the mandatory settlement conference to be held the next day before Judge J. Eric Bradshaw. The minute order noted the final case management conference and court trial would be held before Judge Ralph W. Wyatt on March 21, 2022.

Also on March 17, 2022, plaintiff filed a motion to continue the trial, which defendants opposed. The motion was made on the ground that Singh was ill, and

plaintiff's counsel needed time to determine Singh's condition and whether Singh was able to appear personally or by video appearance for the trial set for the following Monday. The motion explained that Singh's family had contacted Edwards on March 14, 2022, to tell him that Singh was not well enough to attend trial due to hospitalization for a heart attack or a stroke. Edwards represented that his office had not been able to understand the depth of Singh's illness and diagnosis because of a language barrier with Singh's family. At a hearing on Friday, March 18, 2022, before Judge Bradshaw, plaintiff was given until 2:00 p.m. that day to file any additional supplemental supporting paperwork, and defendants were given until 4:00 p.m. to file any supplemental opposition. A hearing on the motion was continued to the next court day, Monday, March 21—the first day of the scheduled bench trial.

At 1:23 p.m. on Friday, March 18, 2022, plaintiff filed a supporting declaration of Manpreet Singh, Pinder Singh's son. Manpreet stated he had messaged Edwards's office on Monday, March 14, 2022, that his father was sick, he could not walk or talk, and they were "'just giving [sic] to hospital.'" He stated Singh was under the care of a cardiologist, whom he identified as "Dr. Baharm Khaxai." Manpreet explained Singh had been exhibiting symptoms of chest pain beginning approximately six months earlier, and he had been experiencing shortness of breath that had been worsening over the prior year. In the last week, Manpreet stated he had rushed Singh to Mercy Southwest Hospital, where Singh was admitted. Manpreet was told that doctors believed Singh had experienced a heart attack or a stroke. Once Manpreet learned that information, he had contacted Edwards's office.

Manpreet stated he did not have a complete diagnosis of Singh's condition because he was still undergoing tests ordered by a cardiologist. Manpreet stated Singh was experiencing heart palpitations and dizziness when he stood, he had pain when he walked, swelling in his ankles, high blood pressure, and diabetes. Manpreet concluded

5.

he did not know "how bad [his] father's condition is, but all I am requesting is to continue trial until I know my father is safe to physically move around."

Defendants filed a supplemental opposition arguing plaintiff had failed to show good cause for a continuance. Defendants argued Manpreet's declaration indicated Singh's symptoms had existed for six months to a year, but plaintiff had waited until now to bring a request to continue the trial based on a preexisting health condition. Defendants also argued this was plaintiff's third request to continue the trial date, which defendants felt was intended to cause delay.

When the court reconvened on Monday, March 21, 2022, before Judge Wyatt, Edwards explained that while preparing for trial the week before, he had learned that Singh, the main witness for plaintiff's case in chief was unavailable, and Edwards was unable to reach him. Singh's family had indicated that Singh was hospitalized and may have suffered a heart attack or a stroke—this was not merely an issue of Singh having a preexisting cardiac condition. Edwards sought a 30-day continuance to allow Singh to be ready to give testimony.

Edwards also noted that although Singh had not been identified on plaintiff's witness list, Singh was the cornerstone of plaintiff's case. Singh had been inadvertently omitted from the witness list because Edwards considered him a party, but acknowledged Singh should have been added.

The trial court noted the absence of any medical documentation, and Edwards explained that Singh's family was not letting him speak to Singh, and that Edwards had been instructed by the court at the Friday hearing that a declaration was needed from someone with firsthand knowledge of what happened to Singh.

The court pointed out Manpreet's declaration did not indicate when Singh was admitted to the hospital and noted that hospitalization generally involves paperwork that could have been easily provided to Edwards. The court observed not much information

was needed, just "something that shows that he actually was at a medical facility." Absent a statement from a physician, all they had were Manpreet's lay statements.

The trial court concluded the documentation was inadequate to establish Singh's medical unavailability, and no good cause for a continuance had been established. In light of the court's ruling, Edwards asked to trail the matter so that he could contact his client and perhaps see if he could be available by video, and to contact plaintiff's out-of-town witnesses. The court agreed to recess until 2:00 p.m. that afternoon, and Edwards indicated he would file an amended witness list.

When court reconvened at 2:00 p.m., Edwards explained that when he had reached out to Singh and Singh's family, "[t]hey thought it was ludicrous that [he] was trying to get them to make their dad come to court for trial and Pinder Singh, on behalf of [plaintiff], fired [Edwards] on the spot. They signed a substitution of attorney. [Edwards] filed it with the Court."

The court asked who was substituting into Edwards's place because, as a corporation, plaintiff had to have a licensed attorney to represent it in court. Edwards stated he was "aware of that," but "[t]hey don't want me to do it."

Defendants' counsel argued a corporate plaintiff was presumed to know the law, and if it wanted to discharge Edwards, it should have done so in a manner that the law allows, which would be to have another attorney in Edwards's place.

Edwards responded that "the Court is aware of what I've represented by way of declaration in terms of what—my former client, CEO, his health condition. Again, I told him what the Court said, the Court's ruling. And their response was a visceral one where they blamed me for not getting the continuance and they refused to submit their father to a trial at this point in time. I told them the trial was going to go forward at 2 o'clock. They said, You're out and they rushed me to prepare this sub and even instructed me not even to have any more dealings with this case. [¶] And as I mentioned in the beginning, I'm here out of the duty of candor to the Court and to the client—I mean, to opposing

7.

counsel. I figured I'd come here and explain face-to-face what happened so the Court would be aware. But they were—on no uncertain terms did not want me to do anything further with this case. And I filed, you know, the appropriate documents."

The court observed that plaintiff's failure to have a licensed representative did not deprive the court of fundamental jurisdiction over the case, and that a court "should treat a corporation's failure to appear through counsel as a defect that may be corrected on terms that are just. I've never been presented with any terms that might be just. I'm confronted with the fact that the attorney is no longer here to represent the corporation. I have no alternative at this point presented by the party plaintiff in this action."

Defense counsel then moved for judgment of nonsuit under section 581c, which the court granted, and judgment was formally entered on March 28, 2022, in favor of defendants.

On April 26, 2022, after retaining new counsel, plaintiff filed a motion for a new trial under section 657 on the ground that Edwards's misconduct, Singh's illness, and the trial court's failure to grant the continuance were irregularities in the proceedings under section 657, subdivision (1), and an accident or surprise within the meaning of section 657, subdivision (3).[2]

Attached to the motion was a letter from Dr. Khazai with a date of March 18, 2022, affixed at the top. The letter explained that Singh had been having radiating chest pain for approximately six months, and shortness of breath for approximately one year. Singh complained of occasional palpitations, pain in his left calf, and swelling in his ankles; he denied any dizziness, his blood pressure was normal "today"; a treadmill stress test was to be ordered to rule out coronary artery disease. Singh indicated he had

---

[2] On our own motion, we ordered that the record on appeal be augmented with a copy of plaintiff's motion for a new trial and the trial court's May 27, 2022, ruling on that motion. These documents were identified in plaintiff's designation of the record on appeal, but were omitted from the clerk's transcript.

no history of medications, his diabetes was not treated with medication, and he denied any past hospitalization. Singh was noted to be in no acute distress, his heart had a regular rhythm with no murmurers, and his lungs appeared clear bilaterally.

Dr. Khazai assessed Singh as having diabetes, chest pain on breathing, palpitations, shortness of breath, edema, and atherosclerosis of native arteries of extremities. The plan was to order various laboratory tests, including an electrocardiogram, a treadmill test, a pulmonary function test, and a 24-hour holter monitor. The letter stated that due to the significance of Singh's medical issues, he should keep his medical appointments to rule out any serious underlying conditions. Dr. Khazai indicated Singh was not advised to go out of the United States or travel until further notice after the testing was completed and that he was not fit for travel for six months. The letter indicated Singh needed assistance in making medical decisions because he did not have good insight into his condition, and he should limit his activities for the meantime. He was to follow up in two months to go over the test results to rule out various conditions.

Singh and his associate Dhillon, who had also retained Edwards on other matters, filed declarations in support of the motion for a new trial. Singh's declaration stated that he speaks Punjabi, and he does not fluently speak English.[3] Singh had COVID-19, severe heart ailments and cardiological issues. He indicated he was "in the hospital right now unable to move from [his] hospital bed." He stated Edwards had failed to communicate with him effectively since Singh's deposition; Edwards did not inform Singh of the date of the trial, and he did not prepare Singh sufficiently ahead of time; Singh had "no idea" why Edwards elected to withdraw as plaintiff's counsel on March 21, 2022. According to Singh, Edwards informed Dhillon on March 14, 2022, that there was a trial and that he needed to prepare Singh. But Dhillon was in India at

---

[3]    Singh's declaration was submitted in English.

that time, and Singh was "in the hospital inflicted with a severe bout of COVID-19 virus." Singh stated that Edwards therefore "caused us to miss the trial dates. He even substituted out of this case on the day of the trial. He did not request any kind of trial continuance."

Defendants filed an opposition to the motion, a supporting declaration of counsel, and objections to Dhillon's and Singh's declarations. The motion for a new trial was heard on May 25, 2022, and the court denied the motion by minute order on May 27, 2022. In denying the motion, the trial court sustained defendants' objections to portions of Singh's declaration and to all of Dhillon's declaration. Plaintiff appealed, but presents no argument regarding these evidentiary rulings.

## DISCUSSION

### I.     Issues on Appeal

On appeal, plaintiff challenges the trial court's March 21, 2022, ruling denying a continuance of trial, the judgment of nonsuit filed on March 28, 2022, and the denial of plaintiff's motion for a new trial. Defendants argue the notice of appeal pertains to and identifies only the judgment, and therefore the trial court's rulings on plaintiff's motions to continue the trial and for a new trial are not reviewable on appeal.

A ruling on a motion for a trial continuance is not ordinarily an appealable order. (See § 904.1.) However, the failure to grant the requested continuance is reviewable on appeal from the judgment. (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) The same is true of the court's denial of plaintiff's motion for a new trial. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19 [an order denying a motion for a new trial is not independently appealable and may be reviewed only on appeal from the underlying judgment].) While the notice of appeal cites only the March 28, 2022, judgment, the relief sought by plaintiff in its brief includes the trial court's denial of plaintiff's motion to continue the trial and plaintiff's motion for a new trial.

10.

We have appellate jurisdiction to review the judgment and both the trial court's denial of the motion to continue the trial and plaintiff's motion for a new trial as part of the appeal from the judgment.

## II.  Motion to Continue the Trial

Plaintiff argues the trial court abused its discretion in failing to grant a continuance on March 21, 2022, in light of Singh's medical condition.

### A.  Applicable Law

Continuances of trial in civil cases are disfavored, assigned trial dates are firm, and parties and their counsel must regard the trial date as certain.  (Cal. Rules of Court, rule 3.1332(a), (c).)[4]  A party seeking a continuance must make the motion or application as soon as reasonably practical once the necessity for continuance is discovered.  (Rule 3.1332(b).)  Each request for a continuance must be considered on its own merits, and it can be granted only upon an affirmative showing of good cause requiring the continuance.  (*Id.*, (c).)  Circumstances that may indicate good cause include, among other things, the unavailability of an essential lay or expert witness, a party, or trial counsel because of death, illness, or other excusable circumstance.  (*Id.*, (c)(1)–(3).)

In ruling on a motion for continuance, the court must consider all the facts and circumstances that are relevant to the determination, which may include the proximity of the trial date; whether there was any previous continuance, extension of time, or delay of trial due to any party; the length of the continuance requested; the availability of other means to address the problem that gave rise to the motion or application for a continuance; the prejudice that parties or witnesses will suffer as a result of the continuance; if the case is entitled to preferential trial setting, the reasons for that status and whether the need for a continuance outweighs the need to avoid delay; the court's

---

[4]  All further references to a rule are to the California Rules of Court unless indicated otherwise.

calendar and the impact of the continuance on other pending trials; whether trial counsel is engaged in another trial; whether all parties have stipulated to a continuance; whether the interests of justice are best served by a continuance, by the trial of the matter, or by imposing conditions on the continuance; and any other fact or circumstance relevant to the fair determination of the motion or application.  (Rule 3.1332(d)(1)–(11).)

"'The decision to grant or deny a continuance is committed to the sound discretion of the trial court.  [Citation.]  The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court.  [Citation.]  A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record.'" (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126, disapproved on another ground in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8, quoting *Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984; see *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.)  Under this standard, if the facts presented merely afford an opportunity for a different opinion, the appellate court is not authorized to substitute its judgment for that of the trial court. (*Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1504; *People v. Diggs* (2022) 80 Cal.App.5th 702, 709.)

### B.    Analysis

The trial court was required to ensure that any continuance of the trial was supported by an affirmative showing of good cause.  (Rule 3.1332(c).)  However, between March 14 and March 21, 2022, counsel was unable to determine from Singh's family the precise nature of Singh's health condition.  Manpreet's declaration, filed on March 18, 2022, was similarly devoid of essential details such as specifically when Singh was admitted to the hospital and whether he remained hospitalized.  Manpreet stated he messaged plaintiff's counsel on March 14, 2022, that he was just getting to the hospital with his father, but he also stated he had rushed his father to the hospital "[l]ast week."

As the trial court pointed out at the hearing on March 21, 2022, substantiating that Singh was currently or had been hospitalized the week before would have been a matter of submitting any type of routine hospital admission documentation, but nothing had been included with the motion or Manpreet's declaration. Not only did the trial court have no specific information about Singh's health condition or whether he was hospitalized, there was no information about Singh's prognosis or recovery time. In the exercise of discretion, we cannot say the trial court was obligated to continue the trial based solely on vague information Singh was unavailable for an unspecified amount of time due to an unknown health event that required uncorroborated hospitalization at some point.

Additionally, the timing of the motion—filed on Thursday, March 17, 2022, and heard on Monday March 21, 2022, the first day of the bench trial—posed a significant degree of prejudice to defendants in terms of costs and rescheduling uncertainty. Defense counsel represented that if the trial did not proceed on the date set, they were not available again for approximately three months; they had subpoenaed witnesses whose availability to appear on another date was uncertain; counsel had traveled from out of town; and defendants had cleared their schedule for the trial that week. Given the prejudice to defendants, their objection to stipulate to the continuance, the imminence of trial, defense counsel's scheduling conflicts, which would require a months' long delay, the court was justifiably concerned about verifying the nature of Singh's health condition.

Although rule 3.1332 does not mandate medical documentation to support the unavailability of a party, witness or attorney due to medical illness, a trial court is not required to credit lay assertions about a witness's unspecified medical condition and its effects on a person's physical abilities. Nor does a party have an absolute right to be present at trial (such as a corporation through the presence of a principal), even where that party's absence is due to illness. (*Thorpe v. Thorpe* (1946) 75 Cal.App.2d 605, 609.) In this case, there were only vague lay assertions that Singh was having health-related problems that may have been a heart attack or a stroke, that Singh had been hospitalized

13.

at some point around March 14, 2022, and that his health issues precluded his appearance in court for an unknown period of time. Without some corroborating documentation, the trial court was entitled to conclude that Manpreet's declaration, standing alone, was insufficient to establish Singh's medical unavailability and good cause needed to continue the trial.

Plaintiff argues the exigencies of Singh's health emergency made it impossible to supply any medical documentation at the time the request for a continuance was made, and, at a minimum, the trial court should have excused any need for medical documentation, or it should have granted plaintiff a short continuance to assemble any necessary corroboration. Yet, approximately a month later, when plaintiff filed a letter from Singh's cardiologist dated March 18, 2022, that letter established only that Singh had a potential cardiac issue that required testing, he was to limit his activities, and there would be a follow-up consultation in a couple of months. It did not state Singh was hospitalized in March 2022, that he had a heart attack or a stroke at any point, including in or around the week of March 14, 2022, or that he was medically unable to participate in the trial personally or by video commencing on March 21, 2022. Moreover, Singh's declaration, signed on April 25, 2022, indicated that on March 14, 2022, he "was in the hospital inflicted with a severe bout of Covid-19 virus," but no hospitalization for any reason was ever corroborated, and this assertion seems to conflict with Dr. Khazai's March 18, 2022, letter. Thus, even with weeks of additional time, plaintiff was unable to present a cogent explanation of Singh's medical issue or marshal sufficient corroborating documentation to support his unavailability in March 2022.

Plaintiff relies on *Link v. Cater* (1998) 60 Cal.App.4th 1315 (*Link*), where a trial court's order denying a trial continuance and dismissing the case was reversed on appeal, but that case is distinguishable from the circumstances presented here. In *Link*, the plaintiff had scheduled medical appointments out of town for the same time as the trial. (*Id.* at p. 1318.) Originally, those appointments had been scheduled on dates that did not

conflict with the trial, but without consulting the parties, the trial court reset the trial date on its own motion with only a few days' notice and created the conflict. (*Id.* at p. 1324.) Additionally, the trial court had based its determination in *Link* on mistakes of fact: it had mistakenly believed the "plaintiff had requested and received more continuances than was the case; it believed, without any documentation, that the [prior and current] continuances to receive medical treatment were not justified, and it believed mistakenly that after notice of the [new] trial date, [the] plaintiff deliberately had made travel arrangements and medical appointments out of state that would clearly be in conflict." (*Ibid.*) Moreover, the plaintiff presented documentation on appeal of the legitimacy of his medical treatments and presumably would have filed such with the trial court if he had been given a reasonable opportunity to do so. (*Id.* at p. 1326.) On those facts, the appellate court reversed the trial court's denial of a trial continuance and dismissal of the case as arbitrary. (*Ibid.*)

Here, the trial court did not make last-minute adjustments to the trial date that conflicted with the party's schedules—the trial commencement date of March 21, 2022, had been set since August 2021, when a six-month continuance was granted upon plaintiff's motion. Also different from *Link*, the trial court was not laboring under any misapprehension of the facts regarding the number of prior continuances plaintiff had sought or the bases for them, and there were no prior medical continuances requested. Further distinguishable from *Link*, plaintiff did not subsequently present any medical documentation that substantiated his unavailability on or around March 21, 2022. Dr. Khazai's letter does not corroborate Manpreet's declaration that Singh was ever hospitalized on or around the date of trial, nor does the letter establish that Singh was medically unable to be present for trial on March 21, 2022. Even on appeal, plaintiff articulates generalized assertions that Singh was hospitalized for a heart attack at some point around the trial date, but nothing corroborates such a health event or any hospitalization.

15.

Plaintiff argues that in denying the requested continuance, the trial court placed too much emphasis on efficiency and failed to account for the policy favoring a trial on the merits.  (See *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242, 1246–1247 [when good cause for a continuance is shown, the policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency].)  However, plaintiff had failed to establish good cause because nothing corroborated Singh's hospitalization or illness.  Even with due deference to the policy favoring merits determinations, the trial court was not required to delay the trial without an affirmative showing of good cause.

Plaintiff argues the trial court did not allow Singh to submit medical documentation or to be present through video, but that is not accurate.  Plaintiff could have submitted medical documentation with its motion or with Manpreet's declaration, but it also could have collected additional documentation after the ruling when the court stood in recess for several hours.  Further, when the continuance was denied, Edwards indicated to the court that he would find out whether his client could appear by video, and the court did not indicate a refusal to entertain such a request.  In other words, the trial court did not prevent Singh from appearing by video nor did it refuse to entertain additional medical documentation.

Moreover, the decision not to continue the trial did not prevent plaintiff from presenting its case.  The trial was not set to resume until 2:00 p.m. that afternoon, opening arguments had not yet begun, plaintiff's attorney was present, and plaintiff had other witnesses on its witness list besides Singh.  In other words, the trial could have begun without Singh's presence, and nothing precluded plaintiff from presenting additional medical documentation and renewing its motion for a continuance.  Plaintiff argues it was unaware of the trial date because, had it known, Singh "would have made efforts to be present in court—even with his heart condition, would have sent his son to testify on his behalf, and/or sent any other slew of agents for [plaintiff] to the court on the day of trial."  But, Manpreet indicated in his declaration of March 18, 2022, that he

16.

sought a trial continuance, which reflected communication between Edwards and plaintiff and/or plaintiff's agents about the trial date.

On this record, we are unable to conclude the trial court's ruling was an abuse of discretion. Based on plaintiff's evidence, the trial court could reasonably conclude Singh had been suffering health issues for up to a year prior to the request, and therefore had ample time to prepare for contingencies should his health decline further or suddenly, including arranging for someone else to appear in court on plaintiff's behalf should he become unable and assembling documentation from his health care provider. On the other hand, if Singh's illness was a COVID-related emergency, that could have been readily documented. In other words, whether there were long-term issues or a sudden emergency, the trial court could have reasonably concluded these are routinely documented matters. Without some minimal corroboration that Singh was hospitalized or had suffered a sudden health complication or event precluding his appearance in court, the trial court did not abuse its discretion in concluding no affirmative showing of good cause had been made to warrant a continuance of the trial.

## III.    Judgment For Nonsuit

Plaintiff appeals the trial court's order granting defendants' motion for nonsuit under section 581c. Such an order constitutes a judgment of dismissal. (§ 581d.)

""""The standard of review for a nonsuit after [the] conclusion of the opening statement is well settled. Both the trial court in its initial decision and the appellate court on review of that decision must accept all facts asserted in the opening statement as true and must indulge every legitimate inference which may be drawn from those facts. [Citations.] A nonsuit at this early stage of the proceedings is disfavored. [Citation.] It can only be upheld on appeal if, after accepting all the asserted facts as true and indulging every legitimate inference in favor of [the] plaintiff, it can be said those facts and inferences lead inexorably to the conclusion [the] plaintiff cannot establish an essential element of its cause of action or has inadvertently established [i]ncontrovertible proof of

17.

an affirmative defense.""'" (*Carachure v. Scott* (2021) 70 Cal.App.5th 16, 25.) An appellate court reviews a judgment of nonsuit de novo. (*Ibid.*)

Plaintiff argues the trial court erred by granting defendants' motion for nonsuit before opening statements. Section 581c, subdivision (a), states, "Only after, and not before, the plaintiff has completed his or her opening statement, or after the presentation of his or her evidence in a trial by jury, the defendant, without waiving his or her right to offer evidence in the event the motion is not granted, may move for a judgment of nonsuit."[5] A nonsuit based solely on the opening statements is warranted only when the court can conclude from all the facts and inferences that there will be no evidence of sufficient substantiality to support a judgment in the plaintiff's favor. (*Willis v. Gordon* (1978) 20 Cal.3d 629, 633; *Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 839.)

"[T]he granting of a nonsuit before opening statement is not reversible error if it is clear the plaintiff could not have prevailed even if he had presented his opening statement." (*Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 114 (*Ritschel*); see *Michel v. Moore & Associates, Inc.* (2007) 156 Cal.App.4th 756, 760, fn. 4 [it is not reversible error to grant a motion for nonsuit prematurely if the motion is "otherwise well-taken"].) In this case, because plaintiff discharged its counsel and did not appear for trial, it effectively declined the opportunity to present any evidence at all. Without presenting evidence, there was no possibility plaintiff could have prevailed. (See Evid. Code, § 500 [in a civil case, the plaintiff has the burden of proof with respect to all facts essential to its claims for relief].) Under these circumstances, we are unable to conclude it was reversible error for the trial court to grant the motion for nonsuit under section 581c before opening statements were given.

---

**5** Section 581c has been interpreted to apply to a court trial as well as a jury trial. (*Lingenfelter v. County of Fresno* (2007) 154 Cal.App.4th 198, 208.)

18.

Plaintiff argues *Ritschel* is inapposite because there, although nonsuit was granted before opening statements, the plaintiff had already presented the bulk of its evidence during a prior phase of a bifurcated trial. (See *Ritschel, supra*, 137 Cal.App.4th at p. 114.) Here, plaintiff contends, Edwards's last-minute abandonment precluded it from presenting its evidence, and wholly deprived plaintiff of a fair opportunity to do so. A judgment of nonsuit, plaintiff maintains, cannot be granted in a circumstance where a party is precluded from presenting an opening statement or testing its evidence at trial. Plaintiff notes that its exhibit and witness lists indicate it had substantial evidence to submit in support of its case had it been given the opportunity to do so.

Plaintiff, however, was given an opportunity to present its evidence at trial, but there is evidence showing it elected to discharge its counsel after it failed to obtain a trial continuance during the morning session. Lacking an attorney representative, the trial court was faced with a situation where no evidence could be presented by plaintiff at all. As evidenced by Manpreet's declaration, Edwards had communicated with Singh's family about the upcoming trial, but no alternative agent or principal of plaintiff was present on March 21, 2022, in the event the continuance was not granted. And, even without Singh, plaintiff had evidence to present and could have begun trial in his absence. Although we understand plaintiff's assertion its principal had no knowledge of the substitution, the trial court was not presented with any evidence indicating Edwards had abandoned his client; instead, it had before it Edwards's representations as an officer of the court that he had been discharged and a substitution form signed by Singh.

Tangentially, plaintiff also argues the trial court should have granted a continuance sua sponte after Edwards was substituted out rather than entertain a premature motion for nonsuit. Again, when the court granted defendants' motion for nonsuit, all the trial court had before it was plaintiff's apparent election to discharge its counsel, and, in the absence of any agent or principal present on behalf of plaintiff to inform the court about the situation or request any type of relief, it was not the trial court's obligation to continue

19.

the trial on its own motion. (See Younger & Bradley, Cal. Motions (2023) Consensual Substitution of Counsel, § 17:10 [discussing "Hobson's choice" presented to the trial court when a party substitutes its counsel on the eve of trial]; see generally § 284 [attorney may be "changed at any time" upon consent of both client and attorney, filed with the clerk, or entered upon the minutes]; *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 169 [judicial approval not necessary where client and attorney consent to substitution].) Given the situation presented to the trial court, we cannot conclude the court abused its discretion by failing, sua sponte, to continue the trial rather than granting defendants' motion for nonsuit.

## IV. Motion For a New Trial

Plaintiff argues the trial court erred in denying plaintiff's motion for a new trial based on Edwards's misconduct and Singh's illness, which plaintiff asserts constitute irregularities in the proceedings under section 657, subdivision (1) and/or accident or surprise under section 657, subdivision (3).

### A. Legal Standards

A motion for a new trial must be based on statutory grounds. (*Fomco, Inc. v. Joe Maggio, Inc.* (1961) 55 Cal.2d 162, 166.) A trial court may vacate a verdict, in whole or in part, and grant a new trial for any of the grounds listed in section 657 "materially affecting the substantial rights of such party," including, as relevant here, for "Irregularity in the proceedings of the court, jury or adverse party … by which either party was prevented from having a fair trial" (*id.*, subd. (1)); and "Accident or surprise, which ordinary prudence could not have guarded against" (*id.*, subd. (3)).

"An 'irregularity in the proceedings' is a catchall phrase referring to any act that (1) violates the right of a party to a fair trial and (2) which a party 'cannot fully present by exceptions taken during the progress of the trial, and which must therefore appear by affidavits.'" (*Montoya v. Barragan* (2013) 220 Cal.App.4th 1215, 1229–1230, quoting § 657, subd. (1) & *Gay v. Torrance* (1904) 145 Cal. 144, 149.)

20.

"'"Surprise" as a ground for a new trial denotes some condition or a situation in which a party to an action is unexpectedly placed to his detriment. The condition or situation must have been such that ordinary prudence on the part of the person claiming surprise could not have guarded against and prevented it. Such party must not have been negligent in the circumstances.'" (*Hata v. Los Angeles County Harbor/UCLA Medical Center* (1995) 31 Cal.App.4th 1791, 1806 (*Hata*), disapproved on another ground in *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 815, fn. 8.)

Section 658 provides that when an application for a new trial is made under section 657, subdivisions (1), (2), (3) or (4), it must be made on affidavits; otherwise it must be made on the minutes of the court. These are grounds on which an appellant could not necessarily interpose an objection during the trial, and thus affidavits or declarations are required to establish the grounds for the motion where it cannot be shown "on the minutes of the court" (§ 658). (See *Gibbons v. Los Angeles Biltmore Hotel Co.* (1963) 217 Cal.App.2d 782, 791 [irregularity in proceedings is intended to refer "'to matters which [the] appellant cannot fully present by exceptions taken during the progress of the trial, and which must therefore appear by affidavits'"].)

The trial court's denial of a motion for a new trial is reviewed for an abuse of discretion, and where a motion for a new trial on the ground of misconduct is denied, the appellate court reviews the entire record to make an independent determination whether any attorney misconduct was prejudicial. (*City of Los Angeles v. Decker* (1977) 18 Cal.3d 860, 871–872 (*Decker*) [attorney misconduct in arguing to the jury].) In ruling on a new trial motion based on declarations, it is for the trial court to "assess credibility, and determine the facts. '"When an issue is tried on affidavits … and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed."' (*Weathers v. Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 108.)" (*Fredrics v. Paige* (1994) 29 Cal.App.4th 1642, 1647; see *City of Pleasant Hill v. First Baptist Church* (1969) 1 Cal.App.3d 384, 429 ["The question of the

weight and sufficiency of the affidavits and the credence to be given them was for the trial court."].)

### B. Analysis

#### 1. Ineffective Assistance of Counsel and Malpractice Are Not Cognizable Grounds For A New Trial Under Section 657

Plaintiff's motion for a new trial was based, in part, on the ineffective assistance it contended it received from Edwards, including that counsel misrepresented his background and experience; failed to effectively communicate with plaintiff; failed to ask plaintiff for medical evidence corroborating Singh's illness; and failed to seek adequate discovery in the case.

This basis for a new trial is not cognizable either as an irregularity in the proceeding under section 657, subdivision (1), or as a surprise under section 657, subdivision (3). We express no opinion on the effectiveness of plaintiff's counsel, but it is well established that the incompetence of a party's own counsel in a civil case is not a basis for granting the party a new trial. (*In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 154–155 [discussing cases and concluding it is "clear that the negligence of trial counsel is not a ground upon which a new trial may be granted"]; *Chevalier v. Dubin* (1980) 104 Cal.App.3d 975, 978 [no authority permits "a … court to grant a retrial to an unsuccessful litigant in a civil case … on the grounds of incompetency of counsel"].)

Parties are entitled to due process of law in civil proceedings under the federal Constitution's 14th Amendment and under article I, section 7, of the California Constitution. However, due process simply guarantees the right to appear by counsel retained at the party's own expense, it does "not include the further requirement that competent representation be furnished by counsel in a civil action." (*Kim v. Orellana* (1983) 145 Cal.App.3d 1024, 1027.) When a party retains an attorney to represent it, that attorney "has complete charge and supervision of the procedure that is to be adopted and pursued in the trial of an action; the manner of trial and like matters are within the sphere

22.

of the attorney's general authority, and as to those matters [its] client is bound by [the attorney's] action." (*Ibid*.) "'If it appears that the attorney was negligent in the matter the client's remedy is against [the attorney] personally. The trial judge and opposing counsel are justified in relying upon the apparent and presumptive authority of the attorney and in acting upon that basis.'" (*Ibid*.) "Thus, while an attorney's asserted failure to exercise the requisite skill and care may give rise to a legal malpractice action grounded on breach of contract as well as tort [citation], it does not furnish a basis for the reversal of a judgment entered against the client because of such failure on the part of his attorney." (*Id.* at p. 1028.)

Here, plaintiff selected its own private counsel to represent it in a civil case. Thus, plaintiff is not entitled to reversal on the ground that its chosen counsel was ineffective and/or negligent in providing representation to plaintiff.

### 2. Attorney Misconduct

Plaintiff asserts Edwards was not discharged, but rather abandoned plaintiff on the day of trial without any notice; plaintiff maintains it had not consented to the substitution—directly contrary to what Edwards represented to the court. Assuming without deciding these alleged actions constitute attorney misconduct, as opposed to negligence or malpractice, plaintiff does not establish the trial court abused its discretion by denying the motion for a new trial.

Attorney misconduct "implies a dishonest act or an attempt by an attorney to persuade the court or jury by the use of deceptive or reprehensible methods." (*People v. Gomez* (1976) 63 Cal.App.3d 328, 338 [prosecutorial misconduct].) Attorney misconduct, as opposed to negligent or ineffective representation, may be an irregularity in the proceedings, which is grounds for a new trial. (*Decker, supra*, 18 Cal.3d at p. 870; *McCoy v. Pacific Maritime Assn.* (2013) 216 Cal.App.4th 283, 303.)

The party asserting attorney misconduct as a basis for a new trial must show (1) attorney misconduct occurred and (2) that the misconduct was prejudicial. (*Garcia v.*

23.

*ConMed Corp.* (2012) 204 Cal.App.4th 144, 148.) On appeal, in assessing the prejudicial effect of attorney misconduct, the reviewing court makes "an independent determination as to whether the error was prejudicial." (*Decker, supra*, 18 Cal.3d at p. 872.)

Attorney misconduct cited as a ground to support a new trial is often based on an attorney's conduct evidenced on the record. (See, e.g., *Jackson v. Park* (2021) 66 Cal.App.5th 1196, 1199 [defense counsel falsely argued to the jury excluded evidence did not exist and argued facts outside the record]; *Martinez v. Department. of Transportation* (2015) 238 Cal.App.4th 559, 561 [misconduct where defense counsel ran "roughshod" over opposing counsel and the rules of evidence; emphasized to the jury inflammatory and irrelevant matters concerning the plaintiff's character and the financial hardship that would be visited on the defendant from a verdict for the plaintiff]; see also 7 Witkin, Cal. Procedure (6th ed. 2021) Trial, § 226, pp. 205–206 [misconduct is generally used in connection with trials to mean the disregard of rules of evidence or procedure for the purpose and with the effect of prejudicing the adverse party's claim or defense before the jury].)

Somewhat differently in *Russell v. Dopp* (1995) 36 Cal.App.4th 765, a new trial was required based on an irregularity in the proceedings caused by attorney misconduct when, just before the jury returned a plaintiffs' verdict, it was discovered the defendants' attorney was not authorized to practice law. (*Id.* at p. 770.) One defendant appealed, the judgment was vacated, and the case was remanded for a new trial. The reviewing court explained the unlicensed attorney acted against the best interest of his clients by representing them, and this type of misconduct was violative of the defendants' right to a fair trial. (*Id.* at p. 780.) The grant of a new trial was necessary under these circumstances to "uphold the integrity of the judicial process." (*Ibid.*)

Here, the evidence plaintiff provided to show Edwards's alleged misconduct was Singh's declaration. Thus, whether attorney misconduct occurred centered on issues of credibility. (Cf. *Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 160

[motion for new trial based on juror misconduct requires the court to determine from affidavits whether the facts establish misconduct].)

While the record does not contain any factual findings or statement of reasons for denying plaintiff's motion, we are required to infer the trial court made all factual findings in support of the ruling on the motion. (*Jie v. Liang Tai Knitwear Co.* (2001) 89 Cal.App.4th 654, 666–667.) In denying the motion, the trial court necessarily gave little credit to Singh's declaration, stating he did not know why Edwards filed the substitution form, and Edwards did not "inform[] us/me that he will substitute out of this above-captioned matter on the day of the trial .…" These statements implied that Edwards unilaterally withdrew from the case without Singh's consent, that he forged Singh's signature on the substitution form or misrepresented to Singh the purpose of the form, and then misrepresented the facts to the court by stating he had been fired by plaintiff.

On review, we do not determine credibility, but instead accept the trial court's credibility determinations and findings of fact if substantial evidence supports them. (*Zirbes v. Stratton* (1986) 187 Cal.App.3d 1407, 1412; *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387; see *Betz v. Pankow* (1993) 16 Cal.App.4th 919, 923 [standard of review of judgment based on affidavits or declarations are the same as for a judgment following oral testimony—appellate court must accept trial court's resolution of disputed facts when supported by substantial evidence].) Even absent explicit credibility determinations, "[w]e may not reweigh the trial court's implicit credibility determination .…" (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1319.)

We note Singh's declaration contained some unexplained inconsistencies and inaccuracies. For example, paragraph 23 of Singh's declaration stated he was hospitalized with a severe case of COVID-19 on or around March 14, 2022, but Dr. Khazai's letter dated March 18, 2022, did not indicate that Singh suffered from COVID-19, and Dr. Khazai noted expressly that Singh denied any past hospitalization.

25.

Additionally, Singh's declaration stated that Edwards "did not request any kind of trial continuance," which, as reflected by the record, was unequivocally incorrect.

Further, Singh's declaration was in direct conflict with Edwards's statements, made in open court as an officer of the court, that he was fired as plaintiff's counsel and instructed by his client to have no further involvement with the case. (See *People v. Mroczko* (1983) 35 Cal.3d 86, 112 ["""when [attorneys] address the judge solemnly upon a matter before the court, their declarations are virtually made under oath"""], disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22; see also *Aceves v. Superior Court* (1996) 51 Cal.App.4th 584, 594 [defense attorney's representation to the court about conflict with client was sufficient to permit withdrawal of counsel]; see generally Bus. & Prof. Code, § 6068, subd. (d) [duty of an attorney never to mislead the judge or judicial officer by an artifice or false statement of fact or law].)

As we must defer to the trial court's implicit credibility finding with respect to Singh's declaration and Edwards's statements, there is no basis to conclude the trial court erred in failing to find any irregularity or surprise based on attorney misconduct. (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968 [it is the province of the trier of fact to determine the credibility of a witness].)

Absent evidence compelling a finding of attorney misconduct, we have no reason to consider prejudice. (*Wilson v. Kopp* (1952) 114 Cal.App.2d 198, 205 [where motion for new trial is denied, the question is "whether, on the affidavits submitted, the trial court was compelled to grant the new trial, not whether the affidavits would have supported an order granting the new trial"].) The trial court did not err in denying the motion for a new trial based on attorney misconduct as either an irregularity in the proceedings or a surprise.

### 3. Singh's Health Issues

Plaintiff also asserts Singh's health issues constituted an irregularity in the proceeding or surprise within the meaning of section 657, subdivisions (1) and (3). An

irregularity in the proceedings includes "any order of the court or abuse of discretion by which either party was prevented from having a fair trial." (*Id.*, subd. (1).)

Even in light of Dr. Khazai's letter submitted with plaintiff's motion for a new trial, the letter did not show the trial court's denial of a continuance due to Singh's health issue was an irregularity in the proceedings that precluded plaintiff from having a fair trial. As already noted, Dr. Khazai's letter did not establish Singh was medically unable to be present at the time of trial; it established Singh had been experiencing shortness of breath and chest pains for months, and his primary care physician had referred him to Dr. Khazai. Dr. Khazai indicated Singh would undergo testing for potential heart and pulmonary issues, and Singh should "limit [his] activities" until the results of testing were obtained and discussed at a follow up appointment in two months. The letter did not indicate Singh was unable to be present in court in March 2022, nor did it indicate that he had suffered a heart attack or that he had required hospitalization at any point. In other words, it did not undercut the trial court's decision not to continue the trial based on Singh's medical issues.

The same reasoning applies to the ground of surprise. Dr. Khazai's letter does not show Singh was hospitalized at the time of trial as he claimed, and it does not establish Singh was medically prevented from being present at trial. (See *Hata, supra*, 31 Cal.App.4th at p. 1806 [movant for new trial based on surprise must be able to show it could not prevent or guard against the surprise by ordinary prudence].)

In sum, the trial court did not abuse the broad discretion vested in it by denying the new trial motion. (*Decker, supra*, 18 Cal.3d at pp. 871–872.)

**DISPOSITION**

The judgment of March 28, 2022, the court's order denying a trial continuance on March 21, 2022, and the court's order denying the motion for a new trial on May 27, 2022, are affirmed. Defendants are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

MEEHAN, J.

WE CONCUR:

LEVY, Acting P. J.

DeSANTOS, J.